360 So.2d 1285 (1978)
Earl R. DeHART, Appellant,
v.
Doris Ann DeHART, Appellee.
No. 77-1662.
District Court of Appeal of Florida, Second District.
June 28, 1978.
Rehearing Denied August 2, 1978.
*1286 Charles J. Cheves, Jr., of Cheves, Hazen & Rapkin, Venice, for appellant.
C. Eugene Jones of Ginsburg & Byrd, Sarasota, for appellee.
SCHEB, Judge.
This is an appeal from a final judgment of dissolution of marriage. Appellant Earl DeHart (husband) contends the trial court abused its discretion by imposing financial responsibilities upon him which he does not have the ability to meet. We agree and reverse.
In May 1977 the husband filed a petition for dissolution. Doris DeHart (wife) counterpetitioned, asking for child custody and support, alimony, and attorney's fees. The wife also asked that the husband's interest in the jointly owned marital home be given to her as lump-sum alimony, or in the alternative that she be granted sole possession of the home.
The final hearing was conducted on August 24, 1977, and the final judgment of dissolution was rendered the following month. The judgment granted custody of the parties' four children to the wife, and gave her exclusive use of the marital home until further order of the court. The husband was ordered to pay the taxes, insurance, and mortgage payments on the home, as well as certain pre-existing debts owed by the parties. He was also commanded to pay $10 per week alimony, $50 per week child support, and $300 attorney's fees to wife's counsel.
The trial court is, of course, best qualified to sort out domestic-relations problems and arrive at the most equitable result under the circumstances. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976). It is a well recognized principle that appellate courts should not substitute their judgment for that of the trial court by re-evaluating the testimony, Herzog v. Herzog, 346 So.2d 56 (Fla. 1977), and that the trial court must be upheld unless an appellant clearly shows that the trial court has abused its discretion. Sisson v. Sisson, supra; Moses v. Moses, 344 So.2d 1322 (Fla. 2d DCA 1977). And while appellate courts are reluctant to disturb the findings and judgments of a trial court, particularly in respect to financial awards in marital cases, it nevertheless becomes our duty to do so when an award is clearly not supported by substantial, competent evidence. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
To assess whether the trial court abused its discretion in making the awards now challenged by the husband, we must review the facts and financial circumstances developed at the hearing before the trial court where, except for a witness who testified as to residency, only the parties testified. The DeHarts were married in 1962 and have four children, ages 13, 11, 6, and 5. The husband holds a B.S. degree in physical education. Several years ago, after spending ten years in the Marine Corps, husband reentered civilian life and ventured into the employment service business. After this endeavor failed, he became a car salesman and part-time substitute teacher. He lost his sales position in May 1977, but went to work as a commission salesman for a used car business in July.
*1287 For the three years prior to the dissolution, husband's income averaged less than $500 per month. During the first seven months of 1977 his gross income was approximately $650 per month. Admittedly this latter monthly figure is somewhat distorted, as husband was unemployed during June and was in the first month of his new job in July. Since the final hearing was in August, husband's income potential from his new position remained a matter of speculation. This uncertainty was compounded by the fact that at the time of the hearing husband did not know if his new employer would allow him to substitute teach during the impending school year, a source from which he had derived a significant portion of his income in the past.
The wife had two years of college. She did babysitting in her home during 1976 and on occasion did substitute teaching. At the time of the hearing she was enrolled in a federally sponsored vocational program, training to become a medical technician. She expected to complete the course in July 1978.
The DeHarts acquired their home as tenants by the entirety in 1974. The home, which initially cost $40,000, had an outstanding mortgage of around $26,000. Husband valued the home at $34,000; wife at $37,500. Other assets of the parties were minimal.
There was an abundance of evidence before the trial court demonstrating that the wife and children had a substantial need for financial assistance from the husband. However, the question presented by this appeal is whether the husband had the ability to pay what he was required to by the final judgment. Translated into dollars on a monthly basis, the judgment required the husband to pay the following:

 Alimony $ 43
 Child Support 215
 Mortgage Payment 223
 Taxes and Insurance 40
 ____
 Total $521[1]
So the stage is set for us to review another domestic break-up where the parties were barely making a go of it financially while together, and now are faced with deploying their limited assets in maintaining two separate homes. The husband is in good health, but with a history of modest income levels.[2] The wife is presently in school and is not qualified to immediately enter the job market; besides, she bears the responsibility of caring for the four children. Trial judges constantly face this type of dilemma. All the ingredients are here  the obvious need for support, limited income potential, and minimal assets. And frequently, as here, the situation is exacerbated by harsh feelings between the parties.
From our review of the evidence it appears that husband would be left with only about $100 to sustain himself after meeting the financial requirements imposed by the judgment. Courts know, as everyone else does, that it just is not practical to expect a person to live on such a meager amount. We must agree with the husband that this case devolves into a question of simple arithmetic. The figures just do not show he had the ability to meet the financial obligations imposed upon him by the judgment. Since the husband's ability to pay is an essential consideration that must be demonstrated when a trial court imposes financial obligations upon him, Lytton v. Lytton, 289 So.2d 17 (Fla. 2d DCA 1974), we cannot wholly sustain the judgment we are called upon to review.
We note that the wife sought to obtain the marital home as lump-sum alimony, but the court granted her exclusive use of the home instead. While it is not our function to redesign the judgment fashioned by the *1288 trial court, we nevertheless are compelled to observe that if the wife had been granted the husband's interest in the home she may have been able to sell that property and from the funds realized to obtain more modest quarters.
In sum, we reverse so much of the final judgment of dissolution as grants the wife exclusive use of the marital home; requires husband to pay all taxes, insurance, and mortgage payments on the home; and requires husband to pay alimony and child support. In all other respects the judgment is affirmed. We therefore remand to the trial court with directions to reconsider these elements of the final judgment and fashion financial requirements commensurate with the husband's ability to pay.
More than nine months have elapsed since the judgment of dissolution was entered by the trial court. At the time of final hearing husband was in a transitional phase of his career, having just accepted new employment. Wife was newly enrolled in her medical-technician course, which she should soon complete. Recognizing these factors, the trial court may choose to take additional testimony as to the present need and ability of the parties in order to fashion an equitable judgment. See Burns v. Burns, 153 Fla. 73, 13 So.2d 599 (1943).
Affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and GRIMES, J., concur.

ON PETITION FOR REHEARING
PER CURIAM.
By petition for rehearing appellee wife expresses concern that our opinion, which reversed the portion of the final judgment of dissolution granting her exclusive use of the marital home, makes it possible for appellant husband to move back into the home before the trial court refashions a new judgment as we ordered in the opinion. Recognizing this as a valid contention, we hereby order that the wife's right to exclusive possession of the marital home shall continue until the trial court has entered a new judgment adjusting the husband's financial obligations.
Appellee wife also questions whether our opinion has the effect of awarding her lump-sum alimony. Though we did observe that if the wife had been granted the husband's interest in the marital home she might have been able to sell the home and obtain more modest quarters, we did not mean to imply in any manner that the trial court was being commanded to award the wife the home as lump-sum alimony in its new judgment. Our reversal of the wife's exclusive use of the marital home was solely for the purpose of affording the trial court maximum flexibility in redesigning its judgment.
Appellee wife's other contentions in her petition for rehearing are without merit; therefore, except as heretofore provided, the petition for rehearing is denied.
GRIMES, C.J., and HOBSON and SCHEB, JJ., concur.
NOTES
[1] Of course, husband's payments for mortgage reduction, taxes, and insurance are for the home, of which he is now a tenant in common with his former wife.
[2] The trial court made no finding that the husband was under-employed or had failed to make sufficient efforts to secure employment consistent with his qualifications.