SCHOONOVER, Judge.
The appellant, Lucinda Eudy Clayton, challenges a final order modifying child support payments. We find that the trial court abused its discretion by refusing to make the payments required in its order retroactive to the date of the final hearing, but affirm in all other respects.
The appellant and the appellee, Charles Donald Williams, III, were married on November 27,1981. A final judgment dissolving their marriage was entered on August 23, 1982. The final judgment awarded custody of the parties’ child to the appellant and ordered the appellee to pay the sum of $10 per week for child support.
On April 30, 1987, the appellant filed a petition to modify the final judgment alleging that since the rendition of the final judgment a substantial and material change in circumstances had occurred in that: (1) the child was older and her needs had increased, (2) the purchasing power of the child support had decreased due to inflation, (3) the former husband was, or shortly would be, a college graduate and an officer in the United States Air Force earning much greater sums of money than at the time of the dissolution of the marriage, and (4) the ability of the former husband to contribute to the support of the child had increased.
On September 26, 1988, a hearing was held on the appellant’s petition. An order modifying the final judgment of dissolution of marriage was rendered on March 15, 1989. The order required the appellee to pay the appellant the sum of $350 per month for child support and required each of the parties to be responsible for their own attorney’s fees and costs. This timely appeal followed.
The appellant contends that the court erred by denying her request for attorney’s fees and by not making the increased child support payments retroactive to a date pri- or to the date of the final order. Under the circumstances of this case, we cannot say that the trial court abused its discretion by requiring the appellant to be responsible for her own attorney’s fees and, accordingly, affirm the trial court in that regard. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
We agree, however, that the court erred by not requiring the appellee to commence making the increased support payments until the date of the final order. An order modifying a decree as to payment of child support may be made retroactive to a date subsequent to the date of filing of the pleading praying for such modification, but prior to the date of the order of modification. McArthur v. McArthur, 106 So.2d 73 (Fla.1958); Stanley v. Stanley, 158 Fla. 402, 28 So.2d 694 (1947).
Generally, when the record supports the position that a custodial mother’s needs and the former husband’s ability to pay have been continuously present since the filing of a petition to modify, the award should be made effective as of the date of the filing of the petition. Perdue v. Perdue, 506 So.2d 72 (Fla. 5th DCA 1987). See also Singbush v. Cabrera, 519 So.2d 66 (Fla. 5th DCA 1988). In this case, the appellant agrees that since she could not prove the appellee’s increased income at the time the petition was filed, the court did not abuse its discretion by not requiring the increased payments to be made retroactively to the date of the filing of the petition. She contends on appeal, however, that the payments should relate back to the date the appellee began active service in the Air Force or at least to the date prior to *1366 the hearing when evidence of the appellee’s increased income was submitted to the court by affidavit. We disagree. Although the most dominant and directly related factor to be considered in determining the amount of child support to be paid by the noncustodial parent is the income of that parent, it is not the only factor. In exercising its discretion, the trial judge, in addition to income, should consider factors such as the needs of the children, their age, their station in life, and the prior standard of living of the parents, relative to the financial status and ability of the noncustodial parent to meet such needs. The ability of the custodial spouse to provide for the needs of the children should also be taken into account. Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982). See also Bill v. Bill, 478 So.2d 93 (Fla. 2d DCA 1985); Galligher v. Galligher, 527 So.2d 858 (Fla. 1st DCA 1988). Since these factors were not considered until the date of the final hearing, and the record does not establish that all of the factors considered by the trial court were present on either of the dates suggested by the appellant, the trial court did not abuse its discretion in holding that the child’s needs and the appellee’s ability to pay were not established prior to the final hearing. Since evidence of these factors existed on the date of the final hearing, the court should have, however, made these payments effective on that date. We, accordingly, reverse and remand for the entry of an amended order requiring the ap-pellee to pay the increased child support payments from the date of the final hearing. Bloom v. Bloom, 503 So.2d 932 (Fla. 4th DCA 1987).
Affirmed in part, reversed in part, and remanded with instructions.
SCHEB, A.C.J., and HALL, J., concur.