555 So.2d 883 (1989)
Sterling M. OLDS, Appellant,
v.
Mary P. OLDS, Appellee.
No. 89-01669.
District Court of Appeal of Florida, Second District.
December 27, 1989.
Rehearing Denied January 18, 1990.
Joe D. Lovelace of Earle and Earle, St. Petersburg, for appellant.
Thomas P. Colclough of Wallace, Finck, Boake & Colclough, St. Petersburg, for appellee.
LEHAN, Acting Chief Judge.
We reverse the award of permanent periodic alimony to appellee. It appears clear that the trial court based the amount of the award upon income the stockbroker husband had earned in past years before the so-called crash of the stock market in 1987, that income having been very substantially greater than his current income. While the husband testified that he expected his income level to return to that of past years, he also testified that that might not occur for two years. There was no evidence in rebuttal, nor was there evidence, or any reasonable inference therefrom, to rebut his testimony that he was working to the best of his ability to produce the maximum income possible.
As in Kernan v. Kernan, 495 So.2d 275 (Fla. 5th DCA 1986), "[t]he trial court should have properly considered the husband's ability at the present time, not what might occur... ." in the future. See also Barclay v. Barclay, 554 So.2d 1191 (Fla. 2d DCA 1989). Of course, when and if the husband's income increases, an upward modification of alimony may be considered upon a proper motion.
Upon remand the trial court shall reconsider and adjust to an amount commensurate with the husband's current income the amount of permanent periodic alimony to be awarded to appellee. The husband has conceded that permanent periodic alimony is appropriate.
Reversed and remanded for proceedings consistent herewith.
FRANK and PARKER, JJ., concur.