FRANK, Judge.
In an earlier consideration of the conflict between Sterling M. Olds and his former wife, Mary P. Olds, we reversed the trial court’s award of permanent periodic alimony, $400 per week, because it was evident that the trial court based that amount upon an anticipation that the husband’s income would increase. Olds v. Olds, 555 So.2d 883 (Fla. 2d DCA 1989). Upon remand, the trial court reduced the $400 weekly payments to $200 per week but refused to make the obligation retroactive to the date of the initial award. The ex-husband now asserts that had the trial court concurred in his retroactivity contention, his past payments in excess of the revised obligation would have been credited to his future payments. The ex-husband has appealed the trial court’s post-remand judgment and the ex-wife has cross-appealed the $200. We reverse on the appeal and affirm on the cross-appeal.
When, upon appellate review, it is determined that the trial court’s initial assessment of alimony is either inadequate or excessive, equitable considerations compel a retroactive adjustment conforming to the trial court’s redetermination of the appropriate amount. This result is compatible with authority stemming from disputes associated with the award of money in matri *647 monial matters. Williams v. Williams, 553 So.2d 1364 (Fla. 2d DCA 1989) (child support to be increased from the date of the final hearing upon remand); Fields v. Fields, 533 So.2d 922 (Fla. 2d DCA 1988) (temporary alimony may be credited if in excess of amount found upon date of remand to be appropriate); Perdue v. Perdue, 506 So.2d 72 (Fla. 5th DCA 1987) (increased alimony payments retroactive to the date of filing petition for modification); Fotorny v. Fotorny, 397 So.2d 329 (Fla. 4th DCA 1981) (child support payments retroactive to date of commencement of such payments).
Based upon the foregoing, this matter is remanded for a determination of the amount to be credited the ex-husband in the period from the initial determination of the ex-wife’s entitlement to permanent periodic alimony to the moment when the ex-husband began payment of the reduced amount.
RYDER, A.C.J., and CAMPBELL J., concur.