586 So.2d 492 (1991)
Susie Ann CLOUD, Appellant,
v.
Lawrence Earl CLOUD, Appellee.
No. 90-1833.
District Court of Appeal of Florida, First District.
September 30, 1991.
Jerome M. Novey and Kristin Adamson, of Novey & Mendelson, Tallahassee, and Carroll McCauley, Panama City, for appellant.
Bonnie K. Roberts, Bonifay, for appellee.
PER CURIAM.
In this dissolution action, appellant wife appeals the trial court's distribution of marital assets and the failure to award her permanent alimony and attorney's fees and costs. We reverse and remand for reconsideration of the claims for alimony, attorney's fees and costs, and for specific findings setting forth the factual basis for the trial court's disposition with respect to these and all other financial and property matters at issue.
The parties were married for 26 years and have three children, two of whom have reached majority. Appellant is approximately 43 and appellee is approximately 53.
*493 With one exception, we find no reversible error in the court's resolution of the conflicting testimony relating to the valuation of the marital property. With respect to valuation of the business, Cloud Auto Parts, Inc., the trial court placed a value of $230,000, whereas according to the evidence, after making certain adjustments in the value of the inventory, the business should have been valued at least in the sum of $250,000. In his distribution of the parties' marital assets, the judge awarded appellant wife primarily liquid assets and appellee husband the business and other real property owned by the parties during the marriage, thus leaving him with all the income producing property of the marriage.[1] The record contains evidence that appellee has had and very likely still has the capacity to earn $120,000 per year from his operation of the business, while it is undisputed that appellant, who has few skills since she spent the marital years raising the parties' children and working at times in the family business, earns only $12,000 per year.
Despite the substantial cash award to appellant in equitable distribution of the marital assets, the disparity in the income and earning abilities of the parties raises in our minds a substantial question of whether the failure to award any permanent alimony to appellant can be upheld in light of the length of the marriage and other facts of this case discussed above. We fully recognize the broad discretionary authority of the trial judge to use various remedies to achieve equity between the parties in dissolution actions and we appreciate the maxim that appellate courts should review the remedies employed by the trial judge as a whole rather than independently. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). We recognize that since appellant's share of the equitable distribution consisted of substantially all of the parties' liquid assets, consisting primarily of a lump sum award of cash, with another large payment over a short term, appellee's income-producing capacity will be strained during the immediate future. However, this circumstance provides no justification, in our view, for the court's denial of permanent periodic alimony. This arrangement of the parties' financial affairs was simply a means of allowing the husband to retain the business assets essential to his continued ability to earn a substantial income, while at the same time achieving an equitable distribution of marital assets. The mere fact that the wife received substantial liquid assets does not alleviate the need for or entitlement to receive periodic alimony. See Hamlet v. Hamlet, 583 So.2d 654 (Fla. 1991); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Under the circumstances presented by the record, particularly in the absence of explanation by the trial judge as to his basis for denying appellant's claim for alimony, we are unable to conclude that the denial of alimony was appropriate in this case. Therefore, we reverse and remand to the trial judge for reconsideration of the alimony claim, and the entry of an amended final judgment setting forth the factual findings upon which the equitable distribution and alimony decisions are based. Since any dissolution judgment must be viewed as a whole, Canakaris, at 1202, we recognize that the trial judge may find it necessary to revisit the manner in which the marital assets have been distributed.
Appellant has also raised an issue regarding the trial judge's failure to require husband to be responsible for all or a portion of wife's attorney's fees. However, wife has failed to produce an appellate record sufficient to enable this court to determine whether, in light of her cash award, she was unable to pay her attorney's fees. Compare Kirkland v. Kirkland, *494 568 So.2d 494 (Fla. 1st DCA 1990) on this issue. The instant record does not indicate the amount of fees and costs incurred by appellant and therefore we cannot determine whether her fees and costs obligation will substantially deplete her assets. However, upon remand, the trial judge shall also revisit this issue and in the amended final judgment set forth the factual findings upon which disposition of the attorney's fees and costs issue is based.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, SMITH and WIGGINTON, JJ., concur.
NOTES
[1] According to the schedules contained in the final judgment, the wife received assets valued at $82,986, of which some $44,000 was cash or its equivalent, together with a lump sum payment of $130,000, and an additional sum of approximately $116,167, payable in monthly installments over a five-year period. The wife's distribution totals $329,153 (including interest from date of final hearing). The husband received properties, including the marital home and all business real property and assets, totalling $717,116, subject to existing indebtedness of $162,848.