621 So.2d 560 (1993)
Robert D. DeSANTO, Appellant,
v.
Pamela M. DeSANTO, Appellee.
No. 92-01118.
District Court of Appeal of Florida, Second District.
July 16, 1993.
*561 Robert D. DeSanto, pro se.
William S. Blakeman, Bartow, for appellee.
PER CURIAM.
Robert D. DeSanto (husband) has appealed certain portions of a final judgment dissolving his marriage to Pamela M. DeSanto (wife). We agree that the trial court abused its discretion in determining the husband's financial obligations in regard to alimony, child support, and attorney's fees, but affirm the court, without further discussion, in all other respects.
At the conclusion of the proceedings in this dissolution of marriage action, the trial court entered a final judgment which, among other things, ordered the husband to pay the sum of $932 per month for the support of the parties' son, $200 per month as permanent periodic alimony for the wife, and seventy-five per cent, or $3478, of the wife's attorney's fees. These payments were based upon the trial court's finding that the husband, at the time of the final hearing, had a net income of approximately $4600 per month. The record presented to us, however, does not support this finding.
The final judgment indicates that the court's findings concerning the husband's ability to pay were based upon his initial financial affidavit and his answers to interrogatories. These documents, which the wife introduced into evidence at the final hearing, together with evidence of social security disability payments awarded after the date of these documents, would support the court's finding. These benefits, however, were benefits that the husband had received in the past and were not available to the husband at the time of the final hearing. The husband filed an amended financial affidavit several months prior to the final hearing and testified at the hearing that all of his disability payments, except social security, had ceased. The husband testified that at the time of the final hearing his monthly income was approximately $880. We recognize that the husband's credibility was in issue, but the wife's testimony corroborated at least a portion of the husband's testimony concerning the loss of some disability payments after the husband's initial affidavit was executed.
Even viewing the evidence in a light most favorable to the wife, we agree with the husband's contention that the trial court's determination of his ability to pay the amounts ordered by the trial court was not supported by substantial, competent evidence. See Green v. Green, 463 So.2d 510 (Fla. 1st DCA 1985); Messal v. Messal, 424 So.2d 932 (Fla. 1st DCA 1983); DeHart v. DeHart, 360 So.2d 1285 (Fla. 2d DCA 1978). It appears that the trial court based the amount of the awards on past income despite uncontroverted evidence of the husband's obvious inability to meet these obligations on the income available to him at the time of the final hearing. Under the circumstances of this case, this was error. See Olds v. Olds, 555 So.2d 883 (Fla. 2d DCA 1989); Barclay v. Barclay, 554 So.2d 1191 (Fla. 2d DCA 1989); DeHart.
We, accordingly, reverse the awards of alimony, child support, and attorney's fees and remand with instructions to redetermine the husband's ability to meet his financial obligations. The court may take additional evidence if necessary. We affirm the trial court's order in all other respects.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and PARKER and BLUE, JJ., concur.