638 So.2d 1038 (1994)
Susie Ann CLOUD, Appellant,
v.
Lawrence Earl CLOUD, Appellee.
No. 93-915.
District Court of Appeal of Florida, First District.
June 23, 1994.
Carroll L. McCauley, Panama City, for appellant.
Bonnie K. Roberts, Bonifay, for appellee.
WOLF, Judge.
In the second appearance of this case before this court, appellant, Susie Ann Cloud, the former wife, challenges a final order of dissolution of marriage. The wife asserts that the trial court erred in failing to award permanent alimony, and in failing to require the former husband to pay wife's attorney's fees and costs. We determine that a number of factual findings made and relied on by the trial court in denying permanent alimony and denying fees and costs are not supported by competent substantial evidence. We, therefore, reverse the denial of permanent alimony, and remand for the trial court to further consider this issue. We also reverse the denial of attorney's fees and costs and direct the trial court to reconsider this issue in light of this opinion.
In Cloud v. Cloud, 586 So.2d 492 (Fla. 1st DCA 1991) (Cloud I), this court reversed a final order of the trial court denying the wife permanent alimony because the trial court failed to set forth the factual findings upon *1039 which the equitable distribution and alimony decisions were based. This court also ordered the trial judge to revisit the issue of attorney's fees and costs.[1] On remand, the trial court took no further evidence, but again denied permanent alimony and costs. The trial court made a number of findings concerning the projected income of both the husband and wife.[2] As to the husband's future income, the trial court found as follows:
1. Neither party had significant skills outside the automobile parts business.
2. At the time of the final hearing, the success of the new Chipley store was not definite.
3. No evidence was presented concerning what it would cost to replace the wife's contributions to the business, but there would be a significant cost to replace her.
4. Based on expert testimony that the future of mom and pop auto parts businesses (like the one owned by the Clouds) was uncertain because of the proliferation of chain or discount auto parts stores.
5. A large portion of rental income from property owned by the husband and wife was taken up by expenses such as debt service, taxes, and insurance.
Based upon these factors, the trial judge determined that the district court was mistaken when it stated in Cloud I, that Mr. Cloud "has had and very likely still has the capacity to earn $120,000 per year from his operation of the business."
The record reflects that Mr. Cloud's income in 1989, the last year prior to the dissolution, was well over $120,000: $62,400 in salary from the auto parts business, approximately $38,020 in business profits (weighted average of $22,000 over five-year period), and rental income on land of $32,000. The factors relied on by the trial judge to reduce this amount in projecting future income are not supported by competent substantial evidence in the record.
As reflected in the record and conceded by counsel, the costs associated with maintaining the real property where the auto parts stores are located were deducted from the income of the business prior to making rental payments to the Clouds individually. The profits of the business were also determined after this deduction. Therefore, no further deductions should be taken from either the rental income or the business income for taxes, insurance, or maintenance on these properties.
There is also no support for finding that the income of the business will appreciably decrease in the immediate future as a result of competition. While the expert testified that generally small auto parts businesses were being affected by competition from discount and chain auto parts stores, and that there had been some penetration in northwest Florida, he was unable to say when the Cloud's businesses in Chipley and Bonifay would be affected. If and when the Cloud's business is affected, a motion for modification would appear to be more appropriate than utilizing a projected reduced level of income to determine the husband's present alimony obligations. In addition, there was no evidence that the revenues from the Chipley store (which had operated successfully its first several years) would go down.
While there was testimony as to the debts of the husband (the husband was responsible for approximately $2,400 a month for debt service loans), no evidence was presented concerning how much of the debt service reflected interest versus principal payments or length of time that it would take to repay these loans. In addition, no evidence was presented concerning what it would cost to replace the wife in the business. While some adjustment may be justified for these matters, there was no competent evidence on *1040 which the trial judge could base his determination.
Thus, the factors utilized by the trial court to determine the husband's ability to pay alimony as well as wife's attorney's fees are unsupported by the record. We, therefore, reverse and remand for further consideration as to these issues. See Anderson v. Anderson, 617 So.2d 1109 (Fla. 1st DCA 1993).
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] The factual recitation made by this court in Cloud is again adopted by this court.
[2] The trial court determined that it was reasonable to assume that the wife would have an income of approximately $32,000 a year based on her $12,000 salary with the state and $20,000 worth of investment income from marital assets which were distributed. The wife conceded at oral argument that she does not challenge the reasonableness of this finding.