PER CURIAM.
Santosh Holmes, the former wife, challenges a final judgment of dissolution. Because on appeal appellant has presented no transcript or statement of the evidence introduced to the court below, we would ordinarily find no basis for disturbing the final judgment which is deemed presumptively correct. Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1983). The judgment, however, is internally inconsistent. In the judgment the trial court awards certain real property in Nepal to the former wife, but refers to this award both as lump sum alimony and as an asset for equitable distribution. We therefore remand the cause to the trial court for entry of an order or amended judgment clarifying the nature of this real property award. In clarifying this matter, the lower court has the authority to revisit the entire dissolution order, including, if appropriate, electing to retain jurisdiction, so as to fashion an order which is both internally consistent and equitable as to both parties. See, Cloud v. Cloud, 586 So.2d 492 (Fla. 1st DCA 1991).
AFFIRMED and REMANDED for clarification.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.