PER CURIAM.
The former husband, Jacobo Misdraji, appeals from a final judgment of dissolution of marriage. For the following reasons, we reverse.
According to the findings set forth in the final judgment entered by the trial court, the parties were married for fifty years, and at the time of the divorce, the husband was 72 years old and the wife was 69 years old. The husband was receiving $960.00 in Social Security benefits and the wife was receiving $366.00 in Social Security benefits. The parties owned a marital home with a value of $300,000.00 to $310,000.00 with a principal mortgage balance of approximately $20,-000.00. The current costs associated with the home include the mortgage payment, property taxes, and insurance. The parties owned personal property as well, including a Cadillac automobile valued at $21,000.00.
For the majority of the marriage, the wife was a homemaker and raised the parties’ three children. The husband owned a retail business and derived income therefrom until the business was liquidated in 1993. Subsequently, the husband obtained odd employment and earned income during the years 1993-1995. The husband has had by-pass heart surgery and is now retired.
The transcript reveals that the husband presented testimony before the trial court to establish that: (1) the husband no longer owns his business, (2) for a time after the liquidation of his business the husband generated income in work that will no longer be available to him, (3) the husband’s recent attempts at working at other retail stores have been unsuccessful due to his age and heart condition, and (4) the husband may be able to earn a small income “fixing up” houses. No further evidence regarding the future income of the husband was presented.
The trial court set forth its factual determinations and rulings in the .final judgment which states, in part:
... The Husband may not be able to make large sums of money but he is still capable of supplementing his income in a variety of ways.
*1294 3. In any event, the Wife has no way to supplement her income and, while this Court does not believe the Husband will make large sums of money, the testimony leads this Court to believe that the Husband will make some income in the future.
* * * * * *
C. In order to do equity, the Court hereby awards to the Wife, as equitable distribution and/or lump sum alimony, the marital home and its contents ...
The trial court also ordered that the wife assume all expenses relating to the home. The wife was also directed to turn the Cadillac automobile over to the husband or pay him the value thereof.[1] The husband initiated a timely appeal. For the reasons set forth below, we reverse.
We are hesitant to disturb the distribution of assets fashioned by a trial court in the context of a marital dissolution. However, we will do so if the distribution is not based on substantial competent evidence. See Eckroade v. Eckroade, 570 So.2d 1347 (Fla. 3d DCA 1990). The rule has been artfully stated by the Second District Court of Appeal in DeHart v. DeHart:
The trial court is, of course, best qualified to sort out domestic-relations problems and arrive at the most equitable result under the circumstances. It is a well recognized principle that appellate courts should not substitute their judgment for that of the trial court by re-evaluating the testimony, and that the trial court must be upheld unless an appellant clearly shows that the trial court has abused its discretion. And while appellate courts are reluctant to disturb the findings and judgments of a trial court, particularly in respect to financial awards in martial cases, it nevertheless becomes our duty to do so when an award is clearly not supported by substantial, competent evidence.
360 So.2d 1285, 1286 (Fla. 2d DCA 1978) (citations omitted).
In the instant case the trial court found that the husband has the capability of working and earning an income, but that the wife does not. Based on this finding, the trial court awarded the wife the marital home. We hold that, in so doing, the trial court abused its discretion, since there is no substantial competent evidence in the record indicating that the former husband can earn income in the future, let alone income sufficient to justify the disproportionate award of the marital home to the wife. See Cloud v. Cloud, 638 So.2d 1038 (Fla. 1st DCA 1994); Eckroade; DeHart.
The distribution of marital assets must be made according to the income of the parties at the time of dissolution, and cannot be based on past income which is no longer available. See DeSanto v. DeSanto, 621 So.2d 560, 561 (Fla. 2d DCA 1993) (“These benefits, however, were benefits that the husband had received in the past and were not available to the husband at the time of the final hearing.”); Greene v. Greene, 547 So.2d 1302 (Fla. 2d DCA 1989); Sokol v. Sokol, 441 So.2d 682, 685 (Fla. 2d DCA 1983) (“The husband, while unemployed at the time of the final hearing, was capable of working, although there was no evidence that he was readily employable at his former income level.”); Messal v. Messal, 424 So.2d 932, 933 (Fla. 1st DCA 1983) (“It appears that the trial court relied upon the husband’s 1981 earnings, despite the husband’s uncontro-verted testimony that his higher income for that period (which included certain bonuses which had been discontinued) was no longer reflective of his current earnings.”). It was inappropriate for the trial court to speculate what the husband’s income would be in the future from a job that the husband does not yet have and will not likely obtain. Consequently, it was error for the trial court to fashion an unequal division of the marital assets based on the future income of the husband when the actuality of that income is not supported by the evidence.
We recognize that the income of the parties is disparate due to the fact that the husband receives a greater sum of monthly Social Security benefits. However, the .disparity is not so great as to justify the award *1295 of the most valuable asset of the parties, the marital home, entirely to the wife.
The husband’s remaining points on appeal are without merit as the trial court acted within its sound discretion when it assigned a certain value to the contents of the marital home. While the trial court based its valuation on the testimony of the wife rather than the professionally prepared appraisal submitted by the husband, it is the proper duty of the trial court to weigh competing evidence. See Adkins v. Adkins, 650 So.2d 61, 65 (Fla. 3d DCA 1994) (“As with the marital home, the trial court could have chosen to believe the testimony of the husband and his accountant over that of the wife on the issue.”).
We reverse the final judgment to the extent it is inconsistent with this opinion and remand with directions for the trial court to adjust the distribution scheme accordingly.[2]

. The trial court also fashioned a distribution scheme for monetary assets which are not germane to the issues raised here.

. The trial court need not recalculate the value of the various marital property, as we do not disturb those determinations.