BLUE, Acting Chief Judge.
Katherine DeLorenzo appeals the final judgment of dissolution of her twenty-seven-year marriage to George DeLorenzo. She contends the equitable distribution failed to adequately compensate her for the Former Husband’s dissipation of assets by gambling. The Former Wife also argues that the alimony award was insufficient. We find no error in the equitable distribution but agree that the award of alimony should be increased.
Much of the testimony in this contested dissolution concerned the Former Husband’s dissipation of assets as a result of gambling. We have carefully reviewed *806 the record and determine that the court did not abuse its discretion in the equitable distribution, which awarded the Former Wife the majority of the assets and left the Former Husband with the majority of the marital debt. We therefore affirm the equitable distribution.
We also agree with the trial court’s findings that the Former Wife in this long-term marriage was in need of support and that the Former Husband has the ability to provide support. The trial court awarded the Former Wife $1,100 per month in permanent alimony. Although the Former Husband’s ability to pay would not fully meet the needs of the Former Wife, the evidence before the trial court established that he was able to pay $250 per month more in alimony than the trial court awarded. We conclude that the inadequate award of alimony was thus an abuse of discretion. Because these parties have limited assets and income, we see no need for the trial court to conduct additional proceedings. Accordingly, we reverse the amount of alimony and order the trial court to enter an amended final judgment awarding $1,350 per month in permanent alimony. See Schultz v. Schultz, 290 So.2d 146 (Fla. 2d DCA 1974) (holding that appellate court is justified in increasing alimony award when abuse of discretion has been shown). The amended final judgment shall also order that an additional $50 per month shall be applied to the arrearage created by this increased award. See Olds v. Olds, 584 So.2d 646 (Fla. 2d DCA 1991) (holding that retroactive adjustment is necessary when appellate review determines that initial assessment of alimony is either inadequate or excessive).
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA and DAVIS, JJ., Concur.