BLUE, Chief Judge.
Jerry Daniel Abbott, the former husband, appeals the final judgment dissolving his twenty-three-year marriage to Deborah Abbott, the former wife. He argues that the trial court erred by imputing income to him, setting alimony, and distributing a $12,000 debt without sufficient evidence that it was a marital liability. We affirm the distribution of marital debt without discussion, but we reverse the award of alimony.
After almost twenty-one years of marriage that produced three children, the parties separated in September 1997. The Former Husband testified that he had earned from $20,000 to $27,000 per year throughout the marriage. He worked as a truck driver and attempted several small business ventures. In early 1997, the Former Husband began driving trucks with a new company. In 1997 and 1998, he earned approximately $44,000 per year. In 1999, he earned almost $27,000, and he expected to earn a similar amount in 2000. The Former Husband testified that he increased his earnings in 1997 and 1998 by working around the clock, which was not legally permissible due to regulations restricting the number of hours per day that a trucker is allowed to drive. He increased his earnings at that time because he had multiple households to support when the children moved out of the family home, apparently due to conflicts with their mother.
Since February 1999, the Former Husband has worked with a new codriver, who became his girlfriend. According to the testimony, when two people drive as a team, the truck’s earnings are split 50-50. The pay is apportioned by the trucking company, not by the whim of the driver. The Former Husband added a codriver because he was concerned about his health, a concern that the Former Wife was able to partially validate. The Former Husband testified that there are advantages to driving as a team because teams go first when the freight is slow and teams make more money because they can run longer hours and are paid more per mile. He also testified, however, that he and his girlfriend are driving illegally because she should drive only with the Former Husband’s supervision, and this supervision time counts as part of the hours he can legally operate on the road.
The trial court awarded the Former Wife $950 a month in permanent alimony based on the following findings:
Wife is presently earning at or near her potential earnings capacity, with a net income of $1,036.00 per month.... Husband is well able to earn at least $40,000.00 annually. There is no reasonable basis for Husband to share his compensation for hours and miles driven with his co-driver. Husband’s co-driver is not licensed to drive without supervision.
The problem is that the Former Husband has not legally earned an income of *966 $40,000. Because the undisputed evidence shows that the trial court imputed a level of income to the Former Husband that he had reached only by operating his truck illegally, we reverse on this point. See Haas v. Haas, 552 So.2d 221, 224 (Fla. 2d DCA 1989) (reversing alimony because it appeared “that the trial court may have imputed income based upon a party’s prior extraordinary efforts rather than upon the best efforts which reasonably should be expected over an extended time”). Where the only evidence showed that the Former Husband had earned a salary in the range of $20,000 to $27,000 during the marriage and was currently earning a salary in this range, we conclude that the trial court erred by imputing to him an income of $40,000. See DeSanto v. DeSanto, 621 So.2d 560 (Fla. 2d DCA 1993) (reversing alimony, child support, and award of attorney’s fees when trial court’s determination of husband’s ability to pay was not supported , by substantial, competent evidence). On remand, the trial court should impute only a level of income to the Former Husband that he can earn by working legally.
Affirmed in part, reversed in part, and remanded.
DAVIS and COVINGTON, JJ„ concur.