PER CURIAM.
We affirm the final judgment for dissolution in all respects except for two.
We affirm the trial court’s imputation of income to the husband because record evidence supported the court’s finding that the husband’s income from a second job “had been earned on a recurrent or steady basis” during the marriage. Mitzenmacher v. Mitzenmacher, 656 So.2d 178, 180 (Fla. 3d DCA 1995).
The trial court was within its discretion to award the wife a credit for the post-separation monies she spent to maintain and repair the marital home. When one spouse uses non-marital monies to “maintain the marital home[,]” the trial court has discretion to credit the paying spouse for the amount expended when “fashioning an equitable distribution in light of all relevant circumstances!.]” Grieco v. Grieco, 917 So.2d 1052, 1056 (Fla. 2d DCA 2006) (citing Stock v. Stock, 693 So.2d 1080, 1086 (Fla. 2d DCA 1997) (citing Knecht v. Knecht, 629 So.2d 883, 887 (Fla. 3d DCA 1993))). “Reimbursement or credit for a party’s payment of marital property-related expenses during separation is a matter of judicial discretion in light of all relevant circumstances.” Stock, 693 So.2d at 1086 (citing Knecht, 629 So.2d at 887).
The trial court recognized that the marital home was the parties’ most valuable asset, which would have to be sold as part of the equitable distribution. Repairs to the home were necessary to generate a higher sales price, which would be to the benefit of both parties. The trial court believed the wife’s testimony that she borrowed $27,000 and expended $24,415 to repair the marital home’s hurricane damage. Photographs admitted into evidence corroborated the wife’s claim that substantial hurricane damage to the home occurred and that she made necessary repairs. It was reasonable for the trial court to award the wife a credit for the monies expended. On remand, the amount of the credit shall be reduced to $24,415, which the wife testified she expended on hurricane repairs.
Concerning marital property that the wife sold at a post-dissolution yard sale, the final judgment is inconsistent. The wife testified that she sold a tractor and a generator at the yard sale. Relying on the testimony of the wife, the court found that the wife received $1,693.00 from the yard sale, and awarded the husband $846.50. However, in the equitable distribution reflected in Exhibit C to the final judgment, the court awarded the tractor and generator to the husband, valuing those items at $2,500. We reverse these aspects of the final judgment and remand to the trial court for clarification. See Holmes v. Holmes, 676 So.2d 506 (Fla. 1st DCA 1996).

Affirmed in part, reversed in part, and remanded.

WARNER, KLEIN and GROSS, JJ., concur.