ALTENBERND, Judge.
 

 Deborah Doll appeals an order awarding her former husband, Peter Doll, attorney’s fees and costs in a postdissolution proceed
 
 *234
 
 ing. We reverse the order because the trial court based its decision on the former wife’s ability to pay when it is clear that she lacks that ability.
 

 The Dolls were married for approximately two years in the mid-1990s. They were married in New Jersey and moved to Florida. They have one child. Since the time the dissolution proceeding commenced in 1996, visitation and custody issues have been central to their ongoing disagreements. Initially, in the final judgment of dissolution in 1996, the trial court awarded custody of the child to the former wife, balancing claims that the former wife suffered from emotional issues against claims that the former husband was physically or mentally abusive. The former wife and child then moved to New Jersey and resided there.
 

 In 1999, a New Jersey court awarded custody of the child to the former husband, apparently because the former wife’s mental condition had deteriorated. The child returned to Florida with the former husband. Matters were relatively calm until the former husband domesticated the New Jersey order in the Florida dissolution proceeding in early 2005. Since that time, there have been extensive proceedings in the case. These proceedings have largely dealt with the nature and extent of the former wife’s right to have visitation with the child. At times visitation has been suspended. Currently, the trial court has ordered supervised visitation with additional conditions that the former wife finds difficult to accept. The former wife’s attorney withdrew in mid-2005. Since then, she has been unrepresented, and her pro se status, especially as a resident in New Jersey, has made this case challenging for the trial court and opposing counsel.
 

 In February 2008, the former husband filed a motion for attorney’s fees pursuant to section 61.16, Florida Statutes (2007). The motion alleged that the former wife had the ability to pay these fees and that she was also obligated to pay the fees because she was engaging in abusive and vexatious litigation. The motion further requested that the trial court prohibit the former wife from appearing pro se.
 

 The former wife appeared by telephone for the hearing on this motion. The trial court relied on her financial affidavit to determine that she had the ability to pay fees and costs exceeding $7500. The financial affidavit, dated March 21, 2008, states that the former wife earns $988 per month and (somewhat surprisingly) pays $468 per month to the former husband in child support for one child.
 
 [1]
 
 The affidavit is quite conservative in its estimate of expenses and reflects that the former wife has a monthly surplus of $16 and outstanding judgments and credit card debt well in excess of $50,000. She has no significant assets. It is noteworthy that the trial court awarded fees only on need and ability to pay and did not make any findings that the former wife was intentionally engaging in any abusive or vexatious tactics. It is also noteworthy that when the former wife filed this appeal, the trial court clerk determined she was indigent for purposes of appeal.
 

 We conclude that the trial court had no competent, substantial evidence to support a determination that the former wife had the ability to pay her former husband’s attorney.
 
 See, e.g., McCants v. McCants,
 
 984 So.2d 678, 684 (Fla. 2d DCA 2008)
 
 *235
 
 (reversing attorney fee award in dissolution proceeding for lack of competent, substantial evidence);
 
 Cloud v. Cloud,
 
 638 So.2d 1038, 1039-40 (Fla. 1st DCA 1994) (same). Thus, the trial court abused its discretion in awarding fees and costs in excess of $7500 on this basis.
 

 Reversed and remanded.
 

 SILBERMAN and MORRIS, JJ., Concur.
 

 [1]
 

 . The amount of child support was apparently set in New Jersey in 1999. This amount appears substantially higher than the amount that would be calculated under the current Florida child support guidelines for a parent earning less than $1000 per month.
 
 See
 
 § 61.30, Fla. Stat. (2009).