# Third District Court of Appeal

## State of Florida

Opinion filed March 31, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1369
Lower Tribunal No. 21-13706-FC-04
_____

**Tirza Diaz de Villegas,**
Appellant,

vs.

**Ulysses Diaz de Villegas,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Tirza Diaz de Villegas, in proper person.

Law Office of Jennifer A. Patti, P.A., and Jennifer A. Patti (Weston); Law Office of Christopher W. Rumbold, PLLC, and Christopher W. Rumbold (Fort Lauderdale) for appellee.

Before EMAS, LINDSEY, and MILLER, JJ.

PER CURIAM.

Appellant's Motion for Written Opinion, Clarification, and Certification to Facilitate Review by the Florida Supreme Court of this Court's ruling on attorney's fees is denied. To the extent this motion seeks, for a second time, the same relief as in this Court's per curiam affirmance entered on February 25, 2026, the motion is stricken. <u>See</u> Fla. R. App. P. 9.330(b) ("A party shall not file more than 1 motion for rehearing, clarification, certification, or written opinion with respect to a particular order or decision of the court.").

EMAS and LINDSEY, JJ., concur.

MILLER, J., dissenting.

We issued a per curiam affirmance in this case. Appellant, the mother, now seeks a written opinion from this court to explain our reasoning and enable further review. Because the result in this case is extreme and implicates an issue of constitutional dimension—that is the inherent right of a parent to raise her child—I would grant the motion. See Troxel v. Granville, 530 U.S. 57 (2000).

**I**

This case began as a run-of-the-mill high-conflict child custody dispute. The father is a professional fighter, and the mother is a chef. The couple married in 2000, and they share two children, one of whom is an adult and the other the thirteen-year-old child at issue in these proceedings. They had a volatile relationship, culminating in their separation in 2018. From the time of their separation to 2022, they participated in equal timesharing.

The father filed for dissolution in 2021. In his initial pleadings, he sought equal time-sharing and shared parental responsibility, consistent with the parties' arrangement in the preceding four-year period. In 2022, the father filed the operative pleading, a Third Amended Petition for Dissolution

of Marriage, this time seeking "majority" time-sharing and shared parental responsibility. The mother denied "majority" time-sharing.

The parties' relationship precipitously deteriorated when the father became involved in a serious relationship with a new partner. He successfully petitioned for a domestic violence injunction. The written injunction purportedly differed from the oral ruling, granting the father exclusive time-sharing. The mother contended she received the injunction more than thirty days after rendition, and this court dismissed her subsequent appeal for lack of jurisdiction. See Villegas v. Villegas, 382 So. 3d 677 (Fla. 3d DCA 2023).

The dissolution court appointed a guardian ad litem and authorized the mother to engage in virtual time-sharing. Toward the end of 2022, the child began complaining of leg pain during the virtual visits. The mother expressed concerns and requested that he receive medical care. The father took the child to the pediatrician. The following month, the child was incorrectly diagnosed with growing pains. The mother expressed increasing concern, and in March 2023, the child was diagnosed with osteosarcoma.

When the mother was permitted an in-person visit, she discovered the child was suffering from a broken leg. She questioned the child about the circumstances surrounding the injury and the child became distressed. The

4

guardian was troubled by this interaction, as she concluded the mother implied the child had been abused by the father.

After the mother learned that the father brought the child to the United Kingdom to observe a professional fight, she contended to others, including hospital staff, that he had "kidnapped" the child. She then began recording her conversations and interactions with the guardian. The guardian curtailed direct contact, and the mother then filed an emergency motion alleging that the father was engaging in parental alienation. The father, in turn, filed a pretrial catalogue seeking exclusive time-sharing and parental responsibility.

The case proceeded to trial. At the end of the trial, the judge entered a comprehensive twenty-five-page order, resolving competing credibility claims against the mother, including allegations she sustained abuse during the marriage, and awarding the father full parental responsibility and time-sharing, other than limited therapeutic supervised visits. The mother's appeal ensued.

We issued a per curiam affirmance. The mother then filed consecutive motions seeking a written opinion explaining our reasoning and to enable further review. We denied the first. The majority now denies in part and strikes in part the second. In this motion, the mother reiterates her claims on appeal, including that the injunction wrongfully restrained her from time-

sharing with her child, the guardian unduly influenced the proceedings and lacked candor with the court, and the court has effectively deprived her of any right to parent her child.

## II

## A

Any appellate review of a family court decision necessarily begins with the observation that trial courts are afforded broad discretion in adjudicating time-sharing, parental responsibility, and equitable distribution. See Quiceno v. Bedier, 387 So. 3d 365, 366 (Fla. 3d DCA 2023). Whether an appellate court fundamentally disagrees with any given decision is of no moment. Instead, "[i]t is a well[-]recognized principle that appellate courts should not substitute their judgment for that of the trial court by re-evaluating the testimony, and that the trial court must be upheld unless an appellant clearly shows that the trial court has abused its discretion." Misdraji v. Misdraji, 702 So. 2d 1292, 1294 (Fla. 3d DCA 1997). In this vein, when factual issues control, we are limited to determining whether the trial court's findings are supported by competent substantial evidence. See Gevaert v. Teh, 423 So. 3d 487 (Fla. 3d DCA 2025). And we cannot re-weigh credibility findings.

## B

The mother's claims of procedural error in the entry of the injunction are troubling.  But given that the injunction was not timely appealed, these issues may not be relitigated in this forum.

To the extent the mother further contends the guardian unduly influenced the proceedings and failed to acknowledge positive reports, the mother's close loving bond with her child, and the child's desire to maintain his relationship with his mother, our scope of review is limited.  The record does reflect that the child expressed that he wished to continue living with his father, yet still maintain regular contact with the mother.  And the current time-sharing schedule is an outlier on this record.  But as we have explained time and time again,

> [i]t is not the function of this or any other appellate court to substitute its judgment for the trier of fact, be it a jury or a trial judge, and although we might have reached a different conclusion if we had been the initial arbitrator of the factual issues, we are not at liberty to substitute our judgment for that of the trier of the facts if there is evidence to support the complained of ruling and/or judgment.

Old Equity Life Ins. Co. v. Levenson, 177 So. 2d 50, 50–51 (Fla. 3d DCA 1965).

Because the remaining contended errors suffer from a lack of preservation, I was constrained to join in the majority opinion affirming.  But

7

in my view, our decision should not be construed as a bar against any future modifications of time-sharing.  Accordingly, I would grant the mother's motion and explain our reasoning.