OWEN, Judge.
The defendant husband appeals a final judgment of divorce complaining of the award made to the plaintiff wife for alimony and attorneys’ fees.
The determination of alimony and other matters connected with divorce actions lies within the sound discretion of the chancellor, and the function of the appellate court simply is to determine whether such discretion was abused under the circumstances reflected by the record. Sommers v. Sommers, Fla.App.1966, 183 So.2d 744.
Turning to the record, we find the financial circumstances of the parties as reflected therein (using round figures) to be as follows: The 54-year old husband is currently earning $6,000 per year in his employment, and in addition he receives $2,-400 per year from the federal government for a service connected disability rating. Two years ago, by serving in a civilian capacity in the Vietnam War Zone, he was able to earn $12,000 per year, and hence under certain limited circumstances he does have a greater earning capacity than is reflected by his current earnings. The 50-year old wife is currently employed in a responsible position with the Martin County Board of Education and earns approximately $8,200 per year. The wife’s needs, exclusive of such sums as she *316 voluntarily expends in support of her 26-year old able-bodied son, are approximately $7,000 per year.
The final judgment granted the wife alimony of $50 per week, plus exclusive use and occupancy of the jointly owned and unencumbered marital residence, and awarded her $350 for attorneys’ fees.
The net effect of the alimony award, upon the basis of the parties’ current earnings and income, is to leave the husband with $5,800 per year for his own support, and the wife with $10,800 per year (plus the exclusive use of the former jointly owned home) for her support. With due regard to the recognized limitation on appellate review in cases of this type, we conclude that such a result is patently unjust, and that the court abused its discretion to the extent of requiring appellant to make periodic weekly payments of alimony. By eliminating this portion of the final judgment, the wife will still have some alimony (by virtue of the award of exclusive use and occupancy of the former jointly owned marital dwelling) and this, plus her own present income (which is substantially equal to the appellant’s present income), will more than adequately meet her established needs for her support. Our decision does not preclude the trial court from entering any future modification of the alimony award as may be justified by a showing of a substantial change in the circumstances of the parties.
Appellant’s complaint as to the award of an attorney’s fee to appellee’s attorney is without merit. Wilkerson v. Wilkerson, Fla.App.1965, 179 So.2d 592; Arrington v. Arrington, Fla.App.1963, 150 So.2d 473; and, Turney v. Turney, Fla.App.1963, 149 So.2d 83.
The final judgment is modified by eliminating therefrom paragraph 2 requiring appellant to pay alimony at $50 per week, and as thus modified is affirmed.
Affirmed, as modified.
CROSS and MAGER, JJ., concur.