344 So.2d 893 (1977)
Morton WOLFMAN, Appellant,
v.
Irene WOLFMAN, Appellee.
No. 76-1872.
District Court of Appeal of Florida, Fourth District.
March 25, 1977.
Robert E. Dubow, Dania, for appellant.
Merle Litman, of Litman, Muchnick & Wasserman, Hollywood, for appellee.
ANSTEAD, Judge.
This is an appeal by the husband of an award of alimony and child support. We reverse.
The trial court ordered alimony of $200.00 monthly and child support of $400.00 monthly for a total of $600.00. In addition, the wife received exclusive possession of the marital residence and was awarded title to the furnishings in the residence. The husband also had to provide medical insurance for the children.
The husband was earning $1,000.00 net monthly. He claimed expenses of $358.00 weekly. The wife was acknowledged to be disabled from employment and was receiving $370.00 monthly disability income. The wife had custody of two eight-year-old children and claimed total weekly expenses of $278.00. The record shows the husband's income was slightly higher several years previously. In one intervening year his income dropped because he was off work three months due to a serious heart attack. But his earnings at the time of trial had increased and there was no evidence tending to show any fraud, deceit, or wilfulness by the husband with respect to his earnings.
The trial court, at the conclusion of the final hearing, noted that the amount awarded the wife and children was:
... about the maximum I can take from him. That doesn't leave him nearly what he has to live on but he's going to have to increase his income to satisfy his problems and his needs... .
And the trial court told the husband:
Well, sir, you're going to have to earn it, sir. You're capable of earning more than you're showing. You've earned more than you're showing, you're capable of earning more than you're showing, and if she comes back and shows me you're earning more, I'm going to give them more. I think right now you have to earn a little more just to maintain yourself, but I think you're capable of doing that, sir.
Awards of alimony and child support must be determined essentially on the elements of needs of the wife and children and ability of the husband to respond. 10A Fla.Jur. Dissolution of Marriage, etc. §§ 54 and 80. As can be seen from the comments of the trial court, the husband did not have *894 the ability to pay the amount of alimony and child support that he was actually ordered to pay. And there were no other circumstances shown by the evidence to support an award beyond the husband's ability to pay.
Accordingly, the child support payments are hereby modified to $100.00 for each child; the award of $200.00 for alimony is affirmed; and the total monthly support obligation of the husband is set at $400.00. The judgment is reversed with directions that a judgment be entered in accordance with the terms of this decision.
DOWNEY and DAUKSCH, JJ., concur.