MOUNTS, MARVIN U.,
Associate Judge.
The appellant, former husband of the petitioner, appeals an order committing him for contempt for the failure to pay his former wife an alimony arrearage.
The trial court announced during the hearing, almost in the same breath that it found him in contempt, that the court would also have to reduce his alimony payments on a temporary basis:
“THE COURT: I will give him 30 days to make the $2,400 back alimony payments. And in the event he does not do so, he will serve a term of 30 days in jail.
MR. PATTERSON: I will draw up the order.
THE COURT: As to the reduction, I am going to have to take into consideration the testimony, which is not refuted, that he can’t make payments at this time because of his problems; and I will have to reduce his alimony on a temporary basis.”
The trial court made no finding, now clearly required by the law, that the appellant presently had the ability to comply with the order and was willfully refusing to do so or that the petitioner previously had the ability to comply, but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order.
Accordingly, the order of the trial court is quashed and the cause remanded with directions to make the required finding, if supported by the record, or otherwise vacate the order of contempt. Garó v. Garo, 347 So.2d 418 (Fla. 1977), Faircloth v. Fair-cloth, 339 So.2d 650 (Fla. 1976).
QUASHED and REMANDED with directions.
ALDERMAN, C. J., and LETTS, J., concur.