PER CURIAM.
In a contract dispute involving the installation of electrical wiring at City parks, the City of Miami was joined as a party-defendant. It filed an answer and cross claim in the nature of interpleader against numerous parties, including Raybro Electric Supplies, Inc. In said crossclaim, the City indicated it was a disinterested party in and to funds in the approximate amount of $18,-000.00; that the cross-defendants made adverse claims to the funds; and that the City stood ready, willing, and able to deposit the money in the registry of the court if the court deemed appropriate. At final hearing the trial court, being under the impression that the money had been deposited, entered a judgment for Raybro in the sum of $4,270.76 from the funds on deposit in the court registry as a result of the interpleader. However, some time after entry of the order granting interpleader, the City paid the money direct to another cross-defendant, C. A. Davis, Inc. (who had original contract with the City). Upon this becoming known to Raybro, it filed a motion to compel compliance with the final judgment by the City of Miami; this was met with a unilateral notice of dismissal under Fla.R. Civ.P. 1.420 by the City. Subsequently, Raybro filed a motion to amend the final judgment. Upon hearing, the trial judge amended the final judgment and granted Raybro a judgment against C. A. Davis, Inc., and the City of Miami, Florida, in the sum of $4,270.76. Davis appealed; this appeal was joined in by the City. We affirm.
We first doubt whether the City had the right to file a unilateral dismissal under Fla.R.Civ.P. 1.420, after a final judgment had been entered on its crossclaim for interpleader. In Re Adoption of Sizemore v. State Department of Public Welfare, 231 So.2d 853 (Fla.2d DCA 1970); Equibank, N. A. v. Penland, 330 So.2d 739 (Fla.1st DCA 1976); Fla.R.Civ.P. 1.420(a)(1). Further, at the time the trial court entered the final judgment, there was no dispute but that Raybro had supplied the materials and the judge was correct in entering the original final judgment. Subsequently, Davis attempted to bring into the action a purported release from Raybro to Davis, releasing it and the City’s surety from any claim for materials involved in the contract. However, this release was not brought to the attention of the trial court timely even if it was applicable (which we do not here find) because it was not tendered to the trial court until the filing of the motion for new trial, and it was readily apparent that the release was known to Davis prior to the entry of the final judgment. Normally, a party will not be permitted to bring in evidence on a motion for new trial, which was known to them at the time of the trial. Vining v. American Bakeries Co., 121 Fla. 116, 163 So. 396 (1935); Deauville Realty Co., Inc. v. Tobin, 111 So.2d 743 (Fla.3d DCA 1959).
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.