354 So.2d 1267 (1978)
Candace Boegel LOCKWOOD, Appellant,
v.
David LOCKWOOD, Appellee.
No. 76-2258.
District Court of Appeal of Florida, Third District.
February 14, 1978.
*1268 Koppen & Watkins and Barbara A. North, Miami, for appellant.
Heimberg & Lumer, Coral Gables, for appellee.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, respondent below, brings this appeal from a final judgment of dissolution of marriage dated November 11, 1976, entered by the trial court. Appellant's basic contention on appeal is that the trial court erred by denying her rehabilitative alimony. We have concluded that the trial court did not err by denying her rehabilitative alimony; however, in our opinion, the trial court did err by failing to reserve jurisdiction in regard to rehabilitative alimony. Therefore, the final judgment of dissolution of marriage is affirmed in part and remanded with directions to modify it to specifically reserve jurisdiction in regard to rehabilitative alimony.
Appellant, wife, and appellee, husband, were married to each other on September 20, 1969, at Lima, Ohio. At the time of their marriage, appellant was 19 years of age and appellee 20 years of age. On the date of the marriage, appellee was a full time college student in his second year of undergraduate study.
Approximately one year after the marriage, the parties moved to Florida so that appellee could attend the University of Miami, and pursue a major in marine biology. Subsequently, appellee changed his major and received an undergraduate degree in History. Appellee continued his scholastic career and next obtained a law degree from the University of Miami Law School in May, 1976. On the date of the final hearing in this matter, appellee had taken the Florida Bar Exam, but the results of his examination were unknown.
Throughout the course of the marriage, appellant had been employed full time. She contributed her entire earnings towards appellee's education and their living expenses. During his three years of law school, appellee's earnings averaged between $300 and $400 per year. Since his graduation from law school, appellee has been employed as a construction worker earning approximately $523 per month. The record doesn't reflect that appellee, as of the time of the final hearing in this matter, had even attempted to find a law related job.
During his last semester in law school, appellee left appellant a note in which he announced he was leaving and that the *1269 marriage should have ended several years earlier. Thereafter, appellee filed a petition for dissolution of marriage on which the final hearing was held on November 5, 1976. On November 11, 1976, the trial court entered a final judgment of dissolution of marriage granting, among other things, appellee's petition and denying appellant's claim for rehabilitative alimony. From this judgment, appellant brings the instant appeal.
Appellant's basic contention on appeal is that the trial court abused its discretion in denying her claim for rehabilitative alimony.
The needs of the wife and the financial ability of the husband to pay are two of the primary criteria to be used by a trial court in awarding alimony pursuant to Section 61.08, Florida Statutes (1975). See, e.g., Hausman v. Hausman, 330 So.2d 833 (Fla.3d DCA 1976); Caracristi v. Caracristi, 324 So.2d 634 (Fla.2d DCA 1976); Collins v. Collins, 323 So.2d 583 (Fla.3d DCA 1975); and Hagen v. Hagen, 308 So.2d 41 (Fla.3d DCA 1975). In the instant case, the record clearly reflects that appellant, at the time of trial, demonstrated a need for rehabilitative alimony; however, it is also clear that appellee, due to apparently temporary financial circumstances, lacked the ability to meet this need. Further, it is obvious from the record that the trial court denied any award of rehabilitative alimony to appellant because of appellee's existing financial circumstances.
Based on the criteria set forth above, we are of the opinion that, as of the time of the trial in the instant action, the trial court, contrary to appellant's contention, did not err by denying her rehabilitative alimony. However, because of appellant's clearly demonstrated present need for rehabilitative alimony and the strong likelihood of a substantial change in appellee's financial circumstances in the near future, we are further of the opinion that the trial court did err by not reserving jurisdiction in regard to the propriety of an award of rehabilitative alimony within a reasonable period of time from the date of the entry of its judgment. Although we are unaware of any Florida case which directly holds that it may be an abuse of discretion for a trial court to fail to reserve jurisdiction for the purpose of awarding rehabilitative alimony, pursuant to Section 61.08, Florida Statutes (1975), we feel that under certain limited circumstances, such as reflected by the record in this case, the principle is a logical extension of those cases holding that it may be an abuse of discretion for the trial court not to reserve jurisdiction for the purpose of awarding permanent alimony. Further, this opinion is in keeping with the policy of Section 61.08 which is to do equity and justice between the parties. See generally Evans v. Evans, 337 So.2d 998 (Fla. 4th DCA 1976); Hayes v. Hayes, 325 So.2d 455 (Fla.1st DCA 1976); Hyatt v. Hyatt, 315 So.2d 11 (Fla.3d DCA 1975); Sisson v. Sisson, 311 So.2d 799 (Fla.1st DCA 1975); Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975); and Reback v. Reback, 296 So.2d 541 (Fla.3d DCA 1974).
For the reasons set forth above, the final judgment of dissolution appealed is affirmed in part and remanded with directions to modify it to specifically reserve jurisdiction for a reasonable period of time in regard to rehabilitative alimony.
Affirmed in part and remanded with directions.