KEHOE, Judge.
Appellant, respondent below, brings this appeal from a final judgment of dissolution of marriage entered by the trial court. The judgment, inter alia, required appellant to pay appellee, petitioner below, the sum of $400 per month for permanent alimony and $100 per month for child support. From the final judgment, appellant appeals.
Appellant contends, basically, that the trial court abused its discretion by awarding appellee permanent alimony in an amount greater than his net income at the time of the dissolution. The amount of child support is not contested.
At the final hearing in this cause, the trial court took testimony concerning the parties’ relative financial positions. The admittedly incomplete record [1] shows that appellant’s sole source of income at the time of the hearing was $500 gross consisting of retirement pay from the U.S. Army. Out of that amount, appellant was obligated to pay $150 per month to the credit union and $39.55 in taxes. Two-thirds of the payment to the credit union was for financing a car belonging to appellee. This left appellant with an income of $310.45 to cover his monthly living expenses, as he was not otherwise employed. Appellee, at the time of the hearing was earning approximately $96 *1217 per week as gross salary. Based upon the testimony, the trial court ordered appellant to pay $400 per month in permanent alimony and $100 per month in child support.
Although in cases such as this we cannot substitute our judgment for that of the trial court by re-evaluating the evidence, it is our duty to overturn an award of alimony which is not supported by substantial competent evidence. See, e. g., Herzog v. Herzog, 346 So.2d 56 (Fla.1977); and Shaw v. Shaw, 384 So.2d 13 (Fla.1976). An essential consideration in an alimony award, in addition to the needs of the wife, is the ability of the husband to pay. See, e. g., Lockwood v. Lockwood, 354 So.2d 1267 (Fla. 3d DCA 1978); and Lytton v. Lytton, 289 So.2d 17 (Fla. 2d DCA 1974). Based upon these principles, we do not feel that we are obligated to affirm an award of alimony, which in our opinion is patently unjust, that would expropriate a former spouse’s entire income or require that spouse to seek additional employment for sustenance; particularly where, as here, there is no showing of a spouse’s willful failure to exert himself to discharge his family obligations. See, e. g., DeHart v. DeHart, 360 So.2d 1285 (Fla. 2d DCA 1978); Wolfman v. Wolfman, 344 So.2d 893 (Fla. 4th DCA 1977); and Weston v. Weston, 251 So.2d 315 (Fla. 4th DCA 1971). A trial court has broad discretion in awarding alimony; however, under the facts of this case, even though it may be desirable to fully compensate appellee, it cannot be done at the expense of appellant’s present ability to maintain himself.
Accordingly, we reverse the alimony award in the final judgment and remand the cause with directions to enter an appropriate award of alimony based upon the respective financial needs and resources of the parties as they existed at the time of the final hearing. We do not agree with appellee’s contention that evidence adduced at a subsequent hearing on appellant’s motion for a rehearing should be considered. This procedure is not justified herein. See, e. g., Maryland Casualty Co. v. Murphy, 342 So.2d 1051 (Fla. 3d DCA 1977); and Fla.R.Civ.P. 1.530. Cf. C. A. Davis, Inc. v. K & R Electric, 350 So.2d 27 (Fla. 3d DCA 1977). This opinion, of course, does not preclude either party from later petitioning to modify the final judgment in the light of changed financial circumstances.
Reversed and remanded with directions.

. This appeal was filed under the 1962 revision of the Florida Appellate Rules, and we are presented with an incomplete record in the cause.