441 So.2d 682 (1983)
David F. SOKOL, Appellant,
v.
Susan G. SOKOL, Appellee.
Nos. 82-2819, 83-197.
District Court of Appeal of Florida, Second District.
October 26, 1983.
Rehearing Granted in part, opinion modified; Rehearing Denied in part December 14, 1983.
*683 John T. Blakely of Johnson, Blakely, Pope, Bokor & Ruppel, P.A., Clearwater, for appellant.
*684 Joseph R. Miele, St. Petersburg, for appellee.
SCHEB, Judge.
In these consolidated appeals, David Sokol challenges those provisions of a final judgment of dissolution granting his wife rehabilitative alimony and child support and awarding her his interest in the marital home as lump sum alimony. He further contends the court erred in finding him in contempt for failing to comply with the alimony and support requirements of the final judgment.
The Sokols married in 1968. They have two sons, ages seven and twelve. Shortly after the marriage the husband returned to college to obtain his master's degree. He later began a career with the Department of Health and Rehabilitative Services (HRS), his last position being as a program manager with a gross annual income of $27,137. Additionally, he earned about $1,500 per year as an adjunct instructor at a junior college. In 1980 the parties agreed that the husband would attend classes on a part-time basis to work toward a doctoral degree to enhance his career prospects. In late 1981 the parties separated, and the husband decided to attend college on a full-time basis, planning to support the family from a $5,000 annual stipend, augmented by about $500 per month which the wife was receiving as a preschool teacher. After the separation the husband began sending $500 per month to his wife for support of the family.
In January 1982 the wife petitioned to dissolve the marriage. The husband continued to send her monthly support payments until the final hearing, although he did not receive the full amount of his educational stipend. At the hearing he testified he was unemployed and had no regular income. Neither the husband nor the wife had any significant assets other than their interests in the jointly-owned marital home. Although the wife was still employed as a preschool teacher, she aspired to retrain as a dental technician. The wife valued their home at $70,000; the husband at $90,000. The home was subject to a mortgage of approximately $36,000.
In the final judgment the court awarded the wife custody of the children and ordered the husband to pay $350 per month per child as support and to make monthly payments of $147 to repay a second mortgage loan obtained by the husband to consolidate some of his debts. The court also ordered the husband to pay $75 per week for three years for rehabilitative alimony and awarded the wife the husband's interest in the marital home and furnishings as lump sum alimony. Thus, the husband's monthly financial obligations amounted to $1,172. The court reserved jurisdiction to award attorney's fees and costs.
When the husband failed to meet his first month's obligations, the wife moved to hold him in contempt. The trial judge found him in contempt but made no finding that the husband had the ability to meet his obligations, or that he had voluntarily divested himself of the ability to comply with the requirements of the final judgment.
The principles of law relating to the husband's points on appeal are well settled. First, in determining the proper amount of child support and alimony, the trial court must consider the parent/husband's ability to pay, the needs of the children and wife, and the standards they shared during the marriage. Sullivan v. Sullivan, 363 So.2d 393 (Fla. 2d DCA 1978), cert. denied, 372 So.2d 472 (Fla. 1979); Davis v. Davis, 371 So.2d 591 (Fla. 2d DCA 1979). Second, the trial court has broad discretion in fashioning awards necessary to achieve an equitable distribution of marital assets. This includes awarding lump sum alimony in appropriate circumstances. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Third, while appellate courts are reluctant to disturb the judgment of a trial court in respect to financial awards in marital cases, Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976), it nevertheless becomes our duty to do so when an award is not supported by substantial, competent evidence. DeHart v. DeHart, 360 So.2d 1285 (Fla. 2d DCA 1978). Finally, a contempt order in a domestic *685 relations case must include a finding of the obligated party's ability to pay the amount due or show that the court found that the party had voluntarily divested such ability. Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); Smith v. Smith, 430 So.2d 521 (Fla. 2d DCA 1983); Deutsch v. Deutsch, 349 So.2d 725 (Fla. 4th DCA 1977).
The evidence at the hearing reveals that the husband did not have the ability to pay financial awards to the extent ordered by the court. The trial court may nevertheless impute an income to a spouse where the evidence indicates a failure to exert oneself to meet family obligations. Kuntz v. Kuntz, 370 So.2d 1216 (Fla. 3d DCA 1979); DeHart v. DeHart; Wolfman v. Wolfman, 344 So.2d 893 (Fla. 4th DCA 1977). The husband, while unemployed at the time of the final hearing, was capable of working, although there was no evidence that he was readily employable at his former income level.
The wife testified that her husband's maximum monthly take-home pay while working at HRS was $1,500. This was after deductions that were automatically deposited in the credit union, the exact amount of which was never clarified in the record. Assuming the trial judge imputed a take-home pay of $1500 per month to the husband, he would be left with $328 per month after meeting his financial obligations pursuant to the final judgment. This award simply consumes too large a share of the husband's presumed ability to earn. Since the husband's ability to pay is an essential element to be considered, Lytton v. Lytton, 289 So.2d 17 (Fla. 2d DCA 1974), we cannot wholly sustain this judgment in respect to the financial requirements that it places upon the husband for child support and alimony.
While we conclude that the trial judge abused his discretion by awarding an excessive amount of monthly financial requirements, we find no such abuse of discretion in his award to the wife of the husband's interest in the marital home as lump sum alimony. Considering the length of the marriage, the wife's contribution to the marriage, including her support of the husband's educational attainments and her lack of comparable educational credentials and the wife's needs as the custodial parent, we find no error in that award. Canakaris.
At oral argument counsel advised that the husband had purged himself of the contempt finding. Notwithstanding, the husband contends he is entitled to have that order vacated because it does not reflect any finding of his financial ability to pay the amount due, or that he had voluntarily divested himself of such ability. The husband is correct on this point. Faircloth v. Faircloth; Smith v. Smith.
Accordingly, we agree the trial court was correct in requiring the husband to pay both child support and rehabilitative alimony and to discharge the second mortgage loan. However, we vacate the amounts awarded for alimony and support as being excessive. Otherwise, we affirm the final judgment of dissolution. We also vacate the subsequent order finding the husband in contempt.
We remand to the trial court with directions to reduce the total amount of child support and rehabilitative alimony from the present requirement of $1025 per month to a total of $550 per month, effective November 17, 1982, the date of the final judgment.
The monthly awards were based on an imputation of income to the husband. Since nearly a year has elapsed since entry of the final judgment, the trial court may take additional testimony as to the present needs of the wife and children and the ability of the husband to respond. Based on that evidence the court may make any necessary revision in payments for child support and rehabilitative alimony but not to become effective until after the date of such new hearing.
Finally, we provisionally grant the wife's motion for attorney's fees for services of her attorney on this appeal. On remand, the trial court should determine the amount of a reasonable fee for such services and the portion of it, if any, that husband should be *686 required to pay based on the disparity in the parties' needs and abilities to pay. See Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
GRIMES, A.C.J., and CAMPBELL, J., concur.