KELLY, Judge.
 

 In this dissolution of marriage proceeding, David M. Reilly (the husband) appeals from the nonfinal order awarding Melanie R. Reilly (the wife) temporary support and attorney’s fees. We find merit only in his argument that the trial court erred in ordering him to pay various household expenses in addition to a weekly support payment of $1500 because the award is not supported by the evidence.
 

 Although temporary awards of support and alimony are discretionary, they must be supported by evidence showing the one spouse’s need for support and the other spouse’s ability to pay.
 
 Breitenbach v. Breitenbach,
 
 838 So.2d 1266, 1267 (Fla. 2d DCA 2003). “ ‘[A]ppellate courts are reluctant to disturb the judgment of a trial court in respect to financial awards in marital cases,’ but such an award will be reversed where it 'is not supported by substantial, competent evidence.’ ”
 
 Hotaling v. Hotaling,
 
 962 So.2d 1048, 1050-51 (Fla. 2d DCA 2007) (quoting
 
 Sokol v. Sokol,
 
 441 So.2d 682, 684 (Fla. 2d DCA 1983)).
 

 Both the husband and the wife testified that during the marriage the wife paid the household expenses such as the electric, cable, telephone, gas and water bills, lawn care, pool maintenance, etc., out of the weekly allowance that she received from the husband. Nevertheless, the temporary support order required the husband to pay the wife $1500 per week
 
 and
 
 “any and all normal and customary expenses associated with the marital home.” We agree with the husband the award was contrary to the evidence.
 

 Accordingly, we reverse the subject portion of the temporary support order; we affirm the order in all other respects.
 

 NORTHCUTT and VILLANTI, JJ., Concur.