CASANUEVA, Chief Judge.
 

 Pothen Jacob (the Husband) appeals a nonfinal order awarding temporary child support to Lalitha Jacob (the Wife). We affirm in part, reverse in part, and remand for further proceedings.
 

 At a hearing, the trial court first heard the Husband’s motion to compel the Wife’s compliance with discovery required by Florida Family Law Rule of Procedure 12.285(b). The trial court granted the motion and ordered the Wife to produce the required documentation within two weeks. The trial court then heard argument on the Wife’s emergency motion for temporary support. The Wife claimed that the Husband had not been paying any support for the care of their two children. The Husband primarily argued that (1) rule 12.285(b) required the trial court to obtain all discovery before it could grant temporary support and that (2) should the trial court entertain the Wife’s request for temporary support without the Wife’s required documentation, it should consider the Husband’s payments for the marital home mortgage, utilities, and upkeep to determine the amount of any awarded support. The trial court determined that an immediate “band-aid” was necessary and awarded temporary support to the Wife but invited the parties to return at any time if the ordered discovery supported subsequent modification. Utilizing the parties’ financial affidavits, child support guidelines worksheets, and testimony to determine an amount, the trial court awarded the Wife $3200 per month in temporary support. The trial court specifically found that the Husband had been paying for the mortgage and utilities for the marital home.
 

 Our standard of review is abuse of discretion.
 
 See Chhouri v. Chhouri, 2
 
 So.3d 987, 987 (Fla. 2d DCA 2008). Applying that standard, we find no error with the trial court’s decision to award support prior to the Wife’s full compliance with discovery. While rule 12.285(b) lists a number of disclosures required for temporary financial relief, rule 12.285(a) allows the trial court discretion to modify any part of rule 12.285 “[e]xcept for the provisions as to financial affidavits and child support guidelines worksheets.” The record suggests that the Wife did comply with these two requirements. While it is the better practice to have full disclosure before awarding support, the trial court did not abuse its discretion in determining the Wife’s need for immediate relief temporarily outweighed some of the rule’s discovery requirements.
 

 However, we hold that the trial court erred in determining the amount of temporary child support. Although the tidal court found that the Husband was paying for the marital home mortgage, utilities, and upkeep, the child support guidelines worksheet demonstrates that the trial court failed to factor in those contributions in determining the award. Such is an abuse of discretion.
 
 See Reilly
 
 
 *13
 

 V. Reilly,
 
 16 So.3d 1041, 1042 (Fla. 2d DCA 2009).
 

 Accordingly, we affirm the portion of the order determining the Wife’s entitlement to temporary support. We reverse and remand for the trial court to reconsider the amount, factoring the Husband’s payments for the marital home into the equation.
 
 [1]
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and LaROSE, JJ., Concur.
 

 [1]
 

 . When determining an award in the final judgment of dissolution of marriage, the trial court should take into account all prior child support payments and any recalculated amounts.