WELLS, Judge.
Manuel Castillo appeals from a final judgment of dissolution of marriage to Mercedes Castillo. He argues that the trial court erred in its imputation and calculation of the parties’ incomes and thus, in the amount of alimony and child support awarded; that the trial court erred as to the date of thé valuation of the parties’ assets and in the equitable distribution of the marital estate; and that the trial court erred in the allocation of the tax exemption available for each child.
The trial court has broad discretion to use various available remedies to do equity between the parties to a dissolution proceeding. See Misdraji v. Misdraji, 702 So.2d 1292, 1294 (Fla. 3d DCA 1997) (“It is a well recognized principle that appellate courts should not substitute their judgment for that of the trial court by reevaluating the testimony, and that the trial court must be upheld unless an appellant clearly shows that the trial court has abused its discretion.”). The remedies which may be used to accomplish this purpose include lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, special equity in property and the award of exclusive possession of property. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). “Because these remedies are interrelated as part of an overall scheme, it is ‘extremely important that they also be reviewed by appellate courts as a whole, rather than independently.’” Guobaitis v. Sherrer, 18 So.3d 28, 33 (Fla. 3d DCA 2009) (quoting Canakaris, 382 So.2d at 1202). Where a decision is within the judicial discretion of the trial judge, as in determining the amount of alimony or child support, the standard for appellate review is abuse of discretion. Viewed as a matter of discretion, on appeal we can reverse only if no reasonable judge would have decided as this one did. See Canakaris, 382 So.2d at 1203 (“If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.”).
We agree with the wife’s position that there was record support for each of the lower court’s decisions and that no abuse of discretion has been demonstrated. See Reis v. Reis, 739 So.2d 704, 706 (Fla. 3d *222 DCA 1999) (“It is not the role of this court to re-examine ... determinations of credibility”). Accordingly, the order under review is affirmed.
SHEPHERD, J., concurs.