MAY, J.
On his return trip to this Court, the former husband argues the trial court erred in multiple ways in rendering the amended final judgment of dissolution.[1] We reverse in small part, but affirm on most issues, putting all but three issues to a final rest.
In Jordan v, Jordan, 127 So.3d 794 (Fla. 4th DCA 2013), we reversed the final judgment of dissolution and remanded the case to the trial court to correct the equitable *344 distribution schedule and to reconsider issues that would be affected by the new equitable distribution of marital assets. On, remand, the former husband attempted to relitigate nearly all issues despite, not having raised many of them in the initial appeal. The former wife raised issues as well,
At the two.-day hearing, the parties reviewed the original equitable distribution schedule. The former husband disputed the household expenses, his responsibility for an IRS tax liability, child support, and multiple alimony and attorney’s fees issues, just to name a few. The former wife disputed the extra household expenses, responded to the IRS tax liability, and requested the. remainder of the original equalizing payment..
On the second day, the parties continued to argue over the equitable distribution equalizing payment, attorney’s fees, and health insurance. At one point, the trial court announced: “I’m not relitigating this case. I don’t know quite how to get that point across. All I want to do is take the adjustments that we came up with ... and factor them into the equitable distribution schedule that [the original trial judge] had arrived at.” The trial court subsequently entered an amended final judgment, nunc pro tunc to the date of the original final judgment. The court attached a revised equitable distribution schedule and two child support guidelines worksheets.
• The trial court found competent substantial evidence supported the household expense credit and tax liability assessment to the former husband. The amended final judgment contained' a revised equitable distribution schedule, which resulted in an amount due to the former husband of $36,872. The trial court found no reason to disturb the original alimony findings because the former husband now actually received more assets due to the revised equitable distribution schedule. It also found no reason to amend the child support, arrearages, and attorney’s fees awards.
The trial court expressed its intent to readopt “all prior findings and conclusions as set forth within the original Final Judgment of Dissolution of Marriage ... which are not inconsistent with the specific findings and/or amendments.”
Consistent with statute and case law, the Appellate Court’s opinion further pointed out that a corrected equitable distribution schedule may alter the then financial positions of the parties and therefore, on remand, this Court ha[s] also reconsidered all of the .other financial Orders which stem from the equitable distribution schedule originally attached to the Final Judgment. In doing so, this Court reconsidered the sale of the marital home, the award of permanent alimony, alimony arrearages, child support and attorney’s fees and costs.
(Emphasis in original).
The trial court entered its final order on other pending motions. It found the former husband owed the former wife monies for tutoring, unpaid alimony, and mediation fees. This sum was credited to the former wife in the revised equitable distribution schedule. The trial court granted the former husband’s motion to- compel the former wife to contribute towards maintenance of the former marital residence. It ordered both parties to be equally responsible for the marital residence’s property taxes, but, found the tax liability had- been satisfied at the closing on the sale of the marital residence. The court .either deemed moot or denied most of the former husband’s other motions.
The former husband- has once again appealed.
*345 We review final judgments of dissolution for an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). Of the multiple issues raised by the former husband, we find only three have merit: (1) the Lexus return, expenses; (2) the lack of a finding that no other alimony would be fair- and reasonable; and (3) $13,000 of attorney’s fees. We affirm in all other respects and give those issues a final resting place.
The former husband argues the trial court failed to provide justification for ordering an unequal distribution of assets and failed to consider the factors required by section 61.075, Florida Statutes. We disagree in large part. As we- held in Jordan, the original trial court erred in its valuation of certain .assets and liabilities. 127 So.3d at 796. On remand, the successor trial court carefully determined different values for those assets and liabilities and distributed them to ensure the parties received an appropriate distribution. See Brennan v. Brennan, 184 So.3d 583, 589-91 (Fla. 4th DCA 2016). However, three items need further attention.
First, the former husband argues the Lexus lease turn-in fees are marital liabilities that should have been equally distributed. Under section 61.075(3)(c), Florida Statutes, “[t]he distribution of all marital assets and marital liabilities ... shall include specific written findings of fact as to.... (c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability.” § 61.075(3)(c), Fla. Stat. (2015). The trial court recognized' the former wife’s car payments were included in the “Household expenses paid by Husband” section in-the equitable distribution schedule, but' that did not include the turn-in fees.
The former husband’s appendix shows return charges for the vehicles. These liabilities do not appear on the revised equitable distribution schedule. We therefore reverse and remand the case for the trial court to either revise the equitable distribution schedule, explain where in its revised equitable distribution schedule these liabilities appear, or justify why these liabilities were not shared.
Second, the former husband attacks the trial court’s alimony award. On remand, the trial court reconsidered the permanent alimony award and found no need to modify it because the former husband received more money in the amended final judgment as a result of the revised equitable distribution schedule. It reviewed the original trial court’s findings, re-adopted all of them, and refused to disturb the alimony award. The trial court considered all relevant factors in reaching its conclusion. We find no error in the trial court’s alimony conclusion.
The trial court did, however, fail to make the requisite finding that no other form of alimony would be fair and reasonable. Section 61.08(8)., provides: “In awarding permanent alimony, the court shall include a finding that no other form of alimony is fair and reasonable under the circumstances of the parties.” § 61.08(8), Fla. Stat. (2015) (emphasis added). Neither the original nor the amended final judgment included this finding. That finding might be implicit in the trial court’s conclusion; nevertheless, the statute requires the finding to be made. We therefore reverse and remand the case for this finding, which the trial court will no doubt make. Winder v. Winder, 152 So.3d 836, 841 (Fla. 1st DCA 2014).
Third, the former husband argues the trial court erred in awarding $13,000 in attorney’s fees for the services of the former wife’s two prior attorneys when the former wife failed to provide evidence in support of the reasonable number of *346 hours. Neither attorney testified nor submitted an affidavit in support. The evidence consisted of the former wife’s testimony alone. And, the trial court made no findings on reasonable number of hours or reasonable hourly rate.
Awarding the $13,000 in attorney’s fees and adding them to the amount the former husband owed in the equitable distribution schedule was an abuse of discretion. This abuse of discretion was furthered when the trial court adopted this finding in the Amended Final Judgment. Moore v. Kelso-Moore, 152 So.3d 681, 683 (Fla. 4th DCA 2014). We reverse the $13,000 award of fees, but affirm the remaining attorney’s fees award.
Finally, we find no merit in the other multiple issues raised concerning: child support, tutoring expenses, computation of the former husband’s income, alimony ar-rearages, attorney’s fees, health insurance, expenses for maintaining the marital home, use of the children’s’ funds, flood insurance, the Wells Fargo mortgage overpayment, tax liability, interest, sanctions, and the required sale of the family home. These issues are affirmed and shall not be the subject of relitigation with regard to the amended final judgment of dissolution.[2]

Reversed in part and remanded.

CIKLIN, C.J., and TAYLOR, J., concur.

. The original trial judge retired, and a successor judge issued the amended final judg-merit.

. We note that whatever gain the former husband may have achieved has probably been lost in the cost of this appeal.