# Third District Court of Appeal

## State of Florida

Opinion filed February 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1756
Lower Tribunal No. 14-194-P
_____


**Michelle Bible Schafstall,**
Appellant,

vs.

**Charles Clifford Schafstall,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Luis M. Garcia, Judge.

Michelle Bible Schafstall, in proper person.

The Manz Law Firm, and Michelle C. Klinger, for appellee.


Before WELLS, ROTHENBERG, and LAGOA, JJ.

ROTHENBERG, J.

Michelle Bible Schafstall ("the former wife") appeals from findings contained in the final judgment of dissolution of marriage entered by the trial court. Specifically, she disputes the trial court's findings and calculation of her monthly income. Because we find that the trial court's findings are supported by competent, substantial evidence, we affirm.

## BACKGROUND

The former wife and Charles Clifford Schafstall ("the former husband") were married in 1992. They have four minor children. The petition for dissolution of marriage was filed in 2014, and the trial court entered a final judgment granting the petition in July 2016. Pursuant to the marital settlement agreement entered into by the parties and adopted by the trial court, the parties agreed to abide by a 50/50 timesharing schedule with the children. The marital settlement agreement also provides that the former wife shall have exclusive use and occupancy of the marital home until their children reach the age of majority; the former husband will pay for the entire mortgage, home insurance, and taxes on the marital home; and the former husband will receive a credit from the proceeds of the sale of the marital home to compensate for his payments during the former wife's exclusive use and occupancy of the home. The marital settlement agreement did not resolve the issue of child support, and the subject of this appeal is the computation of the

2

former wife's income for the purpose of determining the amount of child support to be paid by the former husband.

The former husband works as a fishing guide, earning $84,427 in gross income. The former wife has a bachelor's degree in business management and has worked as a bookkeeper in various capacities. Before she was terminated in November 2012, she was employed part-time as a bookkeeper, earning $20 per hour and working twenty hours per week. Since then, she has performed some bookkeeping services for her mother's business. Her mother, in turn, pays the former wife's cell phone bill. The former wife claims that she suffers from chronic fatigue syndrome and is, therefore, unable to work.

In the final judgment, the trial court made findings as to the parties' respective incomes for the purpose of determining child support. When computing the former wife's income, the trial court included the former wife's receipt of an $834 monthly adoption subsidy and the former husband's monthly alimony payment to the former wife in the amount of $400. The former wife has not appealed these findings. Additionally, the trial court calculated the former wife's monthly income to include the following: (1) the cost of the marital home's monthly mortgage payment as an in kind contribution paid for by the former husband in the amount of $1,300; (2) in kind contributions from the former wife's mother in the amount of $250; and (3) part-time imputed income for the former

3

wife's unemployment in the amount of $487.50. Relying on the child support guidelines, the trial court ordered the former husband to pay $798.99 a month for child support. The former wife only appeals the three following aspects of the trial court's computation of her gross monthly income: (1) the in kind contribution of the former husband's monthly mortgage payment for the marital home; (2) the in kind contributions from the former wife's mother; and (3) the former wife's part-time imputed income.

## ANALYSIS

The trial court has discretion in determining the amount of alimony or child support. <u>Castillo v. Castillo</u>, 59 So. 3d 221 (Fla. 3d DCA 2011). Accordingly, we will only reverse the trial court's determinations as to these issues "where no reasonable man would take the view adopted by the trial court." <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197, 1203 (Fla. 1980). Additionally, the trial court's imputation of income to a spouse will be upheld if it is supported by competent, substantial evidence. <u>Martinez v. Martinez</u>, 995 So. 2d 1091, 1095 (Fla. 3d DCA 2008); <u>Schram v. Schram</u>, 932 So. 2d 245, 249 (Fla. 4th DCA 2005).

I.    **The in kind contribution of the former husband's monthly mortgage payments**

Contrary to the former wife's contention, the trial court was required to include in its calculation of the former wife's gross monthly income the value of the mortgage payments paid by the former husband as in kind contributions.

4

According to the statutory guidelines for child support, the trial court's calculation of a spouse's gross income **shall** include "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses." § 61.30(2)(a)13., Fla. Stat. (2014). This category includes housing expenses. See George v. George, 93 So. 3d 464, 468 (Fla. 2d DCA 2012); Bryan v. Bryan, 765 So. 2d 829, 833 (Fla. 1st DCA 2000); Thomas v. Thomas, 712 So. 2d 822, 824 (Fla. 2d DCA 1998); Chapoteau v. Chapoteau, 659 So. 2d 1381, 1384 (Fla. 3d DCA 1995).

In the instant case, it was not only proper, but it was also mandatory, for the trial court to consider, when calculating the former wife's gross monthly income, the fact that the former wife was awarded exclusive possession of the marital home until the children reach the age of majority and that the former husband will be required to pay for the mortgage, taxes, and insurance for the marital home for the entire duration of the former wife's exclusive occupancy of the home. Jacob v. Jacob, 26 So. 3d 11, 12 (Fla. 2d DCA 2009) (finding that it was an abuse of discretion for the trial court to fail to consider the fact that the husband was paying for the marital home's mortgage, utilities, and upkeep when completing the child support guidelines worksheet). We therefore find no error with the trial court including the mortgage payments in the former wife's gross monthly income.

## II.    The in kind contributions from the former wife's mother

We also find that the trial court properly included the in kind contributions from the former wife's mother in calculating the former wife's gross monthly income. § 61.046(8), Fla. Stat. (2014) (stating that the definition of "income" includes "any form of payment to an individual . . . made by any person"); § 61.30(2)(a)13., Fla. Stat. (2014); Cooper v. Kahn, 696 So. 2d 1186, 1188 (Fla. 3d DCA 1997) (holding that the trial court correctly imputed income to the wife based on the continued monthly payments the wife's mother made to cover the wife's living expenses); Porzio v. Porzio, 760 So. 2d 1075, 1077 (Fla. 5th DCA 2000) (affirming the trial court's imputation of income to the husband because its imputation was supported by the husband's own financial affidavit and testimony heard at trial).

The trial court's inclusion of the former wife's mother's in kind contributions in the amount of $250 per month was based on the former wife's testimony that her mother paid for her cell phone bill. Additionally, the former wife's financial affidavit states that she pays $250 for her phone services. Thus, the record evidence supports the trial court's inclusion of these $250 in kind contributions in the calculation of the former wife's income.

### III. The former wife's imputed income for voluntary unemployment

Lastly, we address the former wife's claim that the trial court erred by imputing income to her for voluntary unemployment. When determining child

support, the trial court must impute income to a parent if the trial court finds that the parent is voluntarily unemployed or underemployed, unless the trial court finds that the parent suffers from a "physical or mental incapacity or other circumstance over which the parent has no control." § 61.30(2)(b), Fla. Stat. (2014); Zarycki-Weig v. Weig, 25 So. 3d 573, 575 (Fla. 4th DCA 2009) (finding that the trial court's imputation of income based on the wife's voluntary unemployment was supported by competent substantial evidence, even though she presented evidence that she was disabled, because the husband presented evidence that she partook in physically demanding activities and she admitted to working during the marriage); Fitzgerald v. Fitzgerald, 912 So. 2d 363, 368 (Fla. 2d DCA 2005); Smith v. Smith, 872 So. 2d 397, 399 (Fla. 1st DCA 2004).

The trial court made the following findings to support its imputation of income to the former wife for her voluntary unemployment: (1) the former wife's refusal to work, although she admitted in a deposition taken in this case that she can work part-time; (2) the former wife's concession that she used to work twenty hours per week earning $20 per hour when she was working as a bookkeeper in 2012, despite suffering from the same chronic fatigue syndrome at that time; and (3) the testimony of the former wife's expert witness regarding the former wife's ability to work was based on the former wife's self-reported condition, as opposed to an independent scientific and medical evaluation. See Wald v. Grainger, 64 So.

3d 1201, 1205 (Fla. 2011) (recognizing that the trier of fact "is free to weigh the opinion testimony of expert witnesses, and either accept, reject or give that testimony such weight as it deserves considering the witnesses' qualifications, the reasons given by the witness for the opinion expressed, and all the other evidence in the case, including lay testimony"); Easkold v. Rhodes, 614 So. 2d 495, 497-98 (Fla. 1993) (finding that the trier of fact may reject expert testimony, which in that case was on the issue of the permanency of the plaintiff's injuries, where the expert's medical opinions were premised on the plaintiff's self-reported medical history).

Based on its evaluation of the evidence, the trial court imputed income to the former wife at a rate of fifteen hours every other week, at $15 per hour—an amount which is less than the amount of hours the former wife had worked and the amount she had earned during the course of her most recent employment. These factual findings and determinations are supported by competent substantial evidence, and "[t]his court will not second-guess the trial court's finding that the wife's evidence of her inability to work was not credible." Zarycki-Weig, 25 So. 3d at 575.

## CONCLUSION

In conclusion, we find that the record evidence supports the trial court's inclusion of the former husband's mortgage payments on the marital home, the

former wife's mother's in kind contributions, and the former wife's imputed income for her voluntary unemployment. Because the record contains competent substantial evidence in support of these findings, we affirm the final judgment of dissolution of marriage entered by the trial court. Additionally, we find that the former wife's remaining arguments are without merit, and therefore decline to specifically address them here.

Affirmed.