NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL W. BOND,                    )
                                    )
        Appellant,                  )
                                    )
v.                                  )        Case No. 2D16-5659
                                    )
LAUREN B. BOND,                     )
                                    )
        Appellee.                   )
                                    )
_____)

Opinion filed August 16, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County;
John S. Carlin, Judge.

Michael W. Bond, pro se.

Linda H. Fried and Devin J. Mace of
Fried & Fried, P.A., Fort Myers, for
Appellee.

MORRIS, Judge.

        Michael Bond, the husband, appeals two nonfinal orders entered in

December 2016 in the underlying dissolution of marriage proceedings between him and

the wife, Lauren Bond.  The first order denies, among other things, the husband's

petition to reinstate visitation, and the second order grants the wife's requests for

temporary child support, alimony, and attorney's fees. We reverse portions of the two orders for the reasons explained below.

The husband contends that the child support guidelines worksheet used by the trial court failed to include the $1102.16 that the husband pays for the monthly mortgage on the marital home in which the wife and the child reside. We agree. When one party pays the mortgage payment or housing expenses of another party, it is considered an in kind contribution for purposes of the child support guidelines. § 61.30(2)(a)(13), Fla. Stat. (2016); Jacob v. Jacob, 26 So. 3d 11, 12 (Fla. 2d DCA 2009) ("Although the trial court found that the [h]usband was paying for the marital home mortgage, utilities, and upkeep, the child support guidelines worksheet demonstrates that the trial court failed to factor in those contributions in determining the award. Such is an abuse of discretion."); Schafstall v. Schafstall, 211 So. 3d 1108, 1111 (Fla. 3d DCA 2017) ("[T]he trial court was required to include in its calculation of the former wife's gross monthly income the value of the mortgage payments paid by the former husband as in kind contributions.").

At the hearing on the wife's motions, the husband's payment of the mortgage was considered by the trial court for purposes of the alimony award and the trial court stated that it wanted to see a corrected guidelines worksheet that included the payment of the mortgage. However, the actual guidelines worksheet used by the trial court in its award of child support does not reflect the husband's payment of the mortgage. Because the law is clear and the trial court indicated its intent to factor the husband's payment of the mortgage into the worksheet, we reverse the award of child

support on this basis and remand for recalculation of child support with the inclusion of this amount on the child support guidelines worksheet.

The husband also contends that the trial court erred in awarding the wife attorney's fees based on a finding that he had the ability to pay due to money the husband borrowed from his friend, who is also his boss. The trial court awarded temporary attorney's fees in the amount of $10,000 to the wife and ordered that the husband pay $7500 from a designated account. The husband testified that this $7500 was part of a $20,000 loan that the husband received from his friend and that this $7500 was the amount remaining after he had paid for the child's therapy and the husband's attorneys in the dissolution case and injunction case. The husband was obligated to pay the loan back at $500 per month.

"The financial resources that should be considered in assessing the relative financial ability of the parties are the resources the parties have available without their having to look beyond the financial resources subject to their individual control." Azzarelli v. Pupello, 555 So. 2d 1276, 1277 (Fla. 2d DCA 1989). "[T]he general rule is that the trial court may only consider the 'financial resources of the parties and not the financial assistance of family or friends.' " Rogers v. Rogers, 824 So. 2d 902, 903 (Fla. 3d DCA 2002) (quoting Bromante v. Bromante, 577 So. 2d 662, 663 (Fla. 1st DCA 1991)). In Rogers, the Third District held that the trial court erred in considering loans that the husband's parents had made to the husband in part because "the husband continues to be legally indebted to his parents." Id. at 904. The court reversed the attorney's fee award because "the loans were a primary factor in the lower court's finding that the husband had the ability to pay" and remanded for reconsideration

of "the wife's motion for attorney's fees and costs based upon the parties' financial resources, not the financial resources of family or friends." Id.; see also Bromante, 577 So. 2d at 663 (holding that in determining that the wife did not have the need for fees, the trial court erred in considering $5000 that she borrowed from her father). The trial court appeared to base its finding of the husband's ability to pay on the existence of the $7500 that was remaining from the husband's loan of $20,000. Based on the above case law, we reverse the portion of the order granting the wife attorney's fees and remand for the trial court to determine the husband's ability to pay without consideration of the loan from the husband's friend.

The husband further argues that the trial court violated his constitutional right to visitation with his child by denying all visitation and by failing to provide a path to reunification. However, both parties report that on June 5, 2017, the trial court entered an order granting the husband's request to reinstate visitation and providing a schedule for the husband's unsupervised visitation with his son. This recent order renders moot the visitation issue in this appeal, and we affirm that portion of the December 2016 order. In affirming, we express no opinion on the issue of make-up visitation, an issue which the trial court declined to consider and which the trial court noted the husband could raise at a later date.

The husband raises other issues on appeal, which we conclude are without merit. We reverse the portions of the orders awarding child support and attorneys' fees to the wife and remand for further proceedings in accordance with this opinion. We affirm in all other respects.

Affirmed in part; reversed in part; remanded.

LaROSE, C.J., and SALARIO J., Concur.