# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**JUAN CARLOS JULIA,**
Appellant,

v.

**MARTHA JULIA,**
Appellee.

No. 4D17-2261

[January 16, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 2010DR007275.

Eddie Stephens of Ward, Damon, Posner, Pheterson & Bleau, West Palm Beach, for appellant.

Troy William Klein, West Palm Beach, for appellee.

GERBER, C.J.

The former husband raises several arguments in appeal of the trial court's final marriage dissolution judgment and post-judgment orders related to alimony and child support. We conclude the trial court erred in:

1. failing to make the statutorily-mandated finding that no form of alimony, other than permanent alimony, was fair or reasonable under the parties' circumstances;
2. basing the permanent alimony award amount on the former husband's gross income, rather than his net income;
3. allocating the parties' collateral child support obligation using an 80/20 split, rather than the 60/40 split applied to the regular child support obligation;
4. awarding retroactive child support without considering the former husband's mortgage payments during the dissolution's pendency; and
5. awarding the former wife a one-half interest in the portion of the former husband's pension which accrued before the parties' second marriage to each other.

We address each argument in turn.

## 1. *Permanent Alimony Finding*

The former husband correctly argues that the trial court failed to make the statutorily-mandated finding that no form of alimony, other than permanent alimony, was fair and reasonable under the parties' circumstances.

Section 61.08(8), Florida Statutes (2015), provides in pertinent part:

> Permanent alimony may be awarded to provide for the needs and necessities of life as they were established during the marriage of the parties for a party who lacks the financial ability to meet his or her needs and necessities of life following a dissolution of marriage. . . . *In awarding permanent alimony, the court shall include a finding that no other form of alimony is fair and reasonable under the circumstances of the parties.*

(emphasis added).

The former husband relies on *Jordan v. Jordan*, 199 So. 3d 343 (Fla. 4th DCA 2016), which is on point. In *Jordan*, the trial court entered a permanent alimony award in the wife's favor. *Id.* at 344. However, the trial court failed "to make the requisite finding that no other form of alimony would be fair and reasonable." *Id.* at 345. We held: "That finding might be implicit in the trial court's conclusion; nevertheless, the statute requires the finding to be made. We therefore reverse and remand the case for this finding, which the trial court will no doubt make." *Id.*

As in *Jordan*, we reverse and remand for consideration of this statutorily-mandated finding.

## 2. *Gross vs. Net Income*

The former husband correctly argues that the trial court reversibly erred when it based the alimony award amount on the husband's gross income, rather than his net income. "Net income rather than gross income is relevant when calculating support awards, including alimony." *Rentel v. Rentel*, 124 So. 3d 993, 994 (Fla. 4th DCA 2013). We reverse and remand to permit the trial court to make the required findings regarding net income and modify the alimony award, if necessary. *See id.* (reversing alimony award and remanding for trial court to determine net income and, if necessary, modify the award).

### 3. *Collateral Child Support Split*

The former husband correctly argues that the trial court reversibly erred in ordering the parties to pay for the children's noncovered health, dental, and extracurricular expenses in an 80/20 split, where the regular child support allocation was split 60/40.

Section 61.30(8), Florida Statutes (2017), provides in pertinent part:

> Health insurance costs resulting from coverage ordered pursuant to s. 61.13(1)(b), and *any noncovered medical, dental, and prescription medication expenses of the child, shall be added to the basic obligation* <u>*unless these expenses have been ordered to be separately paid on a percentage basis*</u>.

(emphasis added). "In other words, absent some logically established rationale in the final judgment to the contrary, collateral child support expenses must be allocated in the same percentage as the child support allocation." *Zinovoy v. Zinovoy*, 50 So. 3d 763, 764-65 (Fla. 2d DCA 2010).

Here, the trial court's final dissolution judgment originally allocated collateral child support expenses 80% to the former husband and 20% to the former wife. Post-judgment, however, the trial court entered a child support order allocating regular child support expenses 59.84% to the former husband and 40.16% to the former wife, but without revisiting the previous collateral child support allocation. The trial court did not provide a "logically established rationale" for the disparity in the allocations.

Without any "logically established rationale" for the disparity in the allocations, that portion of the post-judgment order was error. *See, e.g., Demmi v. Demmi*, 186 So. 3d 1144, 1145 (Fla. 1st DCA 2016) (reversing collateral child support order and directing the trial court "to reapportion the parties' allocation for uncovered medical expenses based on their relative financial responsibility for the support of their minor children"); *Wilcox v. Munoz*, 35 So. 3d 136, 141 (Fla. 2d DCA 2010) ("It is error for the court to equally divide the noncovered medical, dental, and prescription medication expenses when the court arrives at an unequal percentage share of child support.").

Thus, we reverse that portion of the trial court's post-judgment order. On remand, the trial court may provide a "logically established rationale" for the disparate collateral support percentages. Otherwise, the trial court must allocate the collateral child support expenses in the same percentage as the regular child support allocation. *See Weaver v. Weaver*,

95 So. 3d 1029, 1030 (Fla. 2d DCA 2012) ("On remand, the trial court shall amend the final judgment to allocate these expenses in accordance with the parties' respective shares of the child support obligation.").

### 4. *Mortgage Payments Consideration*

The former husband correctly argues that the trial court erred in awarding retroactive child support without considering the former husband's mortgage payments during the dissolution's pendency.

Section 61.30(17)(b), Florida Statutes (2017), provides, in pertinent part: "In determining the retroactive [child support] . . . the court shall consider . . . [a]ll actual payments made by a parent to the other parent or the child or third parties for the benefit of the child throughout the proposed retroactive period."

In *Bond v. Bond*, 224 So. 3d 874 (Fla. 2d DCA 2017), the Second District held:

> When one party pays the mortgage payment or housing expenses of another party, it is considered an in kind contribution for purposes of the child support guidelines. *Jacob v. Jacob*, 26 So. 3d 11, 12 (Fla. 2d DCA 2009) ("Although the trial court found that the [h]usband was paying for the marital home mortgage, utilities, and upkeep, the child support guidelines worksheet demonstrates that the trial court failed to factor in those contributions in determining the award. Such is an abuse of discretion."); *Schafstall v. Schafstall*, 211 So. 3d 1108, 1111 (Fla. 3d DCA 2017) ("[T]he trial court was required to include in its calculation of the former wife's gross monthly income the value of the mortgage payments paid by the former husband as in kind contributions.").

*Id.* at 875 (other internal citation omitted).

Here, at the hearing on the former wife's motion for retroactive support, the former husband argued that if the former wife prevailed, then the trial court should credit the former husband for his marital home mortgage payments during the dissolution's pendency. However, the child support guidelines worksheet, upon which the trial court relied, reflects that the former husband did not receive credit for those mortgage payments.

The trial court's lack of consideration of the former husband's mortgage payments during the dissolution's pendency was error. Thus, we reverse the retroactive child support award. On remand, in determining the retroactive child support, the trial court shall consider the former husband's mortgage payments during the dissolution's pendency.

### 5. *The Former Husband's Pension*

The former husband correctly argues that the trial court erred in awarding the former wife a one-half interest in the portion of the former husband's pension which accrued before the parties' second marriage to each other.

"'Marital assets and liabilities' include . . . [a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs." § 61.075(6)(a)1.d., Fla. Stat. (2017).

"Premarital contributions to retirement pensions are not to be included in the distribution of marital assets." *Scott v. Scott*, 888 So. 2d 81, 83 (Fla. 1st DCA 2004). "[O]nly the marital portion of the pension may be equitably distributed." *Downey v. Downey*, 843 So. 2d 932, 933 (Fla. 4th DCA 2003). The burden is on the pensioner "to prove whether some portion of [the] pension benefits accrued prior to marriage and therefore should not be included as a marital asset." *Childers v. Childers*, 640 So. 2d 108, 109 (Fla. 4th DCA 1994).

Here, it is undisputed that the former husband earned pension benefits before the parties' second marriage to each other. Thus, the trial court erred when it awarded the former wife a one-half interest in the former husband's pension without excluding the portion of the pension which accrued before the parties' second marriage to each other. *See Blythe v. Blythe*, 592 So. 2d 353, 355 (Fla. 4th DCA 1992) ("It was error for the court not to have allocated to the husband that portion of the pension fund that accrued to him before the couple's marriage."). We reverse and remand for the court to determine that portion, and adjust the distribution of the former husband's pension benefits accordingly. *Id.*

On all other arguments which the former husband raises in this appeal, we affirm without further discussion.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

FORST and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***