ORFINGER, J.
The former husband, Timothy S. Johnson, raises several arguments in this appeal of the trial court's final judgment dissolving his marriage to the former wife, Deborah Johnson. We conclude the trial court erred in (1) approving the purported stipulated parenting plan that gave the former husband nine overnights per month with the parties' minor child; (2) awarding retroactive child support without considering the former husband's mortgage and bankruptcy payments made during the dissolution's pendency; and (3) ordering the former husband to maintain health and dental insurance for the minor child, but failing to include those costs in the ongoing child support calculation. On all other issues, we affirm without further discussion.
The trial court adopted the parties' purported stipulated parenting plan. A stipulation is an agreement, admission, or concession made in a judicial proceeding. As the essence of a stipulation is an agreement between the parties, a "meeting of the minds" is essential. McGoey v. State, 736 So.2d 31, 34 (Fla. 3d DCA 1999). Here, after the former husband filed the dissolution of marriage petition, the parties stipulated to the entry of a temporary order, which, among other things, set forth a temporary timesharing schedule that gave the former husband between twelve and fourteen overnights per month with the *205 minor child. Three years later, during the dissolution hearing, the parties indicated that timesharing was not at issue because they had stipulated to continue the timesharing schedule set forth in the temporary order. The former husband explained that they agreed "to follow the same parenting plan that has been put in place already" in the temporary order. On the other hand, while the former wife agreed that the former husband would "continue with the amount of time that he had pursuant to the temporary order," she indicated that they had "stipulated that that's nine days per month. That's what he has exercised."
We conclude that the trial court incorrectly determined that the former husband would have nine overnights based on the parties' purported stipulation. Clearly, the parties did not have a meeting of the minds as to the essential terms of the parenting plan. Thus, we reverse this portion of the final judgment. On remand, if the parties cannot agree on timesharing, the trial court must make this determination, taking evidence as necessary.
The trial court also erred in calculating the retroactive child support award. Section 61.30(2)(a)9., Florida Statutes (2014), defines gross income to include "[s]pousal support ... court ordered in the marriage before the court." See also § 61.30(2)(a)13., Fla. Stat. (2014) (defining gross income to include "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses"). The temporary order adopted the parties' joint stipulation that "as and for temporary spousal support, the Husband shall continue to pay the mortgage on the parties' marital home, as well as the Chapter 13 payment on the parties' bankruptcy." At the trial, the former husband testified that he made the payments, which the former wife confirmed. However, the child support guidelines worksheet, upon which the trial court relied, did not consider the mortgage and bankruptcy payments that the former husband made during the retroactive period. This was error. On remand, in determining the retroactive child support, the trial court shall consider the former husband's mortgage and bankruptcy payments during the retroactive period. See Julia v. Julia, 263 So.3d 795, 798 (Fla. 4th DCA 2019) (holding that trial court erred in awarding retroactive child support without considering former husband's mortgage payments during dissolution's pendency); Schafstall v. Schafstall, 211 So.3d 1108, 1111 (Fla. 3d DCA 2017) ("[T]he trial court was required to include in its calculation of the former wife's gross monthly income the value of the mortgage payments paid by the former husband as in kind contributions."); Jacob v. Jacob, 26 So.3d 11, 12 (Fla. 2d DCA 2009) ("Although the trial court found that the [h]usband was paying for the marital home mortgage, utilities, and upkeep, the child support guidelines worksheet demonstrates that the trial court failed to factor in those contributions in determining the award. Such is an abuse of discretion.").
Finally, the trial court erred in calculating the ongoing child support award. Section 61.13, Florida Statutes (2014), requires that every child support order "shall contain a provision for health insurance for the minor child when health insurance is reasonable in cost and accessible to the child" and that the trial court "shall apportion the cost of health insurance, and any noncovered medical, dental, and prescription medication expenses of the child, to both parties by adding the cost to the basic obligation determined pursuant to s. 61.30(6)." § 61.13(1)(b), (2)(b), Fla. Stat. (2014). The trial court may simply add this medical expense to the child support obligation or order the obligation to be paid *206 separately on a percentage basis. § 61.30(8), Fla. Stat. (2014).
Here, the trial court ordered the former husband to provide dental and health insurance for the minor child. However, the final judgment failed to include those costs in the ongoing child support calculation. We reverse the child support award and remand for reconsideration of that issue. See § 61.30(8), Fla. Stat. (2014) ("Health insurance costs resulting from coverage ordered pursuant to s.61.13(1)(b) ... shall be added to the basic obligation ...."). The trial court may take further evidence as necessary to determine the costs of the insurance.
In sum, we reverse the timesharing schedule, retroactive child support, and ongoing child support determinations, and remand for further proceedings consistent with this opinion. On remand, the trial court shall also amend the final judgment to correct the misaligned formatting error on the second page of the equitable distribution schedule. As to the other issues raised in this appeal, we affirm.
AFFIRMED, in part; REVERSED, in part; and REMANDED.
LAMBERT and GROSSHANS, JJ., concur.